OPINION OF THE COURT
Memorandum.
The orders of the Appellate Term should be reversed and *731 the orders of the Criminal Court should be reinstated.
We agree with the Criminal Court that the misdemeanor complaints are facially insufficient.
In the Dumas case the factual portion of the complaint simply states: "Deponent is informed by an undercover police officer of the New York City Police Department, Shield Number 6938, who is known to the deponent, that defendant knowingly and unlawfully sold to informant marijuana to wit: 2 clear plastic bags of marijuana, for a sum of United States currency”. The complaint in the Fausto case is similar.
The factual part of a misdemeanor complaint must allege "facts of an evidentiary character” (CPL 100.15 [3]) demonstrating "reasonable cause” to believe the defendant committed the crime charged (CPL 100.40 [4] [b]).
In each case the complaint contains a conclusory statement that the defendant sold marihuana, but in neither case is this supported by evidentiary facts showing the basis for the conclusion that the substance sold was actually marihuana. There is, for instance, no allegation that the police officer is an expert in identifying marihuana (cf. People v Kenny, 30 NY2d 154), nor any allegation that the defendant represented the substance as being marihuana. Neither are any additional facts provided by the supporting depositions in which the undercover police officer merely adopts the statements alleged in the complaints.
We note that this is not a pleading defect. The misdemeanor complaint is designed to provide the court with sufficient facts for the court to determine whether the defendant should be held for further action (People v Weinberg, 34 NY2d 429). If found to be sufficient on its face, the misdemeanor complaint alone may serve as the basis for issuing an arrest warrant (CPL 120.20 [1]) and the requirement for factual allegations of an evidentiary character establishing reasonable cause should be assessed in that light.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
Order reversed and order of the Criminal Court of the City of New York, New York County, reinstated in a memorandum.