OPINION OF THE COURT
Charles H. Solomon, J.
Defendant was arrested on July 17, 1986 and charged with a violation of Penal Law § 220.03. It is alleged, in a misdemeanor complaint, that defendant possessed "one vial of crystalized cocaine commonly known as crack”. The complaint, sworn to by a police officer, further states that "based upon his experience and training as a police officer”, the substance defendant possessed was cocaine. By notice of motion dated July 25, 1986, defendant moved to dismiss the complaint pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) as being insufficient on its face. Specifically, defendant contends that, based upon the Court of Appeals recent memorandum decision in People v Dumas (68 NY2d 729 [July 10, 1986]), the mere conclusory statement in the complaint of the officer’s "experience and training”, does not satisfy the requirement that evidentiary facts be set forth to support the officer’s allegation that the substance possessed by defendant was cocaine. For the reasons set forth below, I find the misdemeanor complaint to be sufficient on its face, and defendant’s motion is accordingly denied.
A misdemeanor complaint, the filing of which marks the formal commencement of a criminal action, is designed to provide sufficient facts in order for the court to determine whether the defendant should be held for further action. (People v Weinberg, 34 NY2d 429, 431 [1974].) The complaint must contain two parts, an accusatory part, designating the offense(s) alleged, and a factual part, setting forth "facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [1], [2], [3]). Additionally, in order for the complaint to be facially sufficient, the allegations in the factual part, together with any supporting depositions which may accompany it, must "provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part” of the complaint. (CPL 100.40 [4] [b].) What is required is "evidence or information which appears reliable [which] discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that *236 such person committed it.” (CPL 70.10 [2].) Unlike an information, a misdemeanor complaint, which serves merely as the basis for commencement of the criminal action, may be based on hearsay allegations. (CPL 100.40 [1] [c].)
In People v Dumas (supra), the Court of Appeals held that two misdemeanor complaints, each charging the sale of marihuana to an undercover officer, were facially insufficient because they contained only conclusory statements that the defendants sold marihuana. Lacking were "evidentiary facts showing the basis for the conclusion that the substance sold was actually marihuana” (supra, p 731). Consequently, as there were no factual allegations of an evidentiary character demonstrating reasonable cause to believe that what defendants sold was marihuana, the court held that the complaints were facially insufficient under CPL 100.15 (3) and 100.40 (4) (b).
Simply stated, the sole issue presented by this motion is whether, following Dumas (supra), a misdemeanor complaint charging defendant with possession of cocaine is facially sufficient when based solely upon a police officer’s sworn statement that because of his "training and experience”, he concluded that what defendant possessed was cocaine. Defendant urges the court to read Dumas as requiring that a complaint contain more than just a statement by the officer of "training and experience”. What counsel suggests is necessary are evidentiary facts to support the officer’s statement of "training and experience”, such as the type of training the officer has had as well as a description of the officer’s actual experience. Without setting forth this so-called "foundation” to support the officer’s claim of "training and experience”, defendant contends that this complaint lacks evidentiary facts showing the basis for the officer’s conclusion that the substance possessed by defendant was actually cocaine. A reading of Dumas, however, does not support defendant’s contention.
In Dumas, the bare conclusions by the police officers that the substances sold by the defendants were marihuana, standing alone, were insufficient. What was lacking, according to the Court of Appeals, were "evidentiary facts showing the basis for the conclusion that the substance sold was actually marihuana” (68 NY2d, at p 731). The court suggested that the complaints would be sufficient, for example, if the officers alleged that they were "expert[s] in identifying marihuana” (supra, p 731). Nowhere in the court’s decision, however, is there a requirement that in addition to the officers’ statement *237 of expertise, that facts be set forth to demonstrate the basis for that expertise. Defendant has read this additional requirement into the test for a complaint’s facial sufficiency. It is clear, at least to this court, that a complaint is facially sufficient if an officer states that a defendant possessed a substance which, because of his training and experience, the officer concluded was narcotics. There is no requirement that the complaint contain a description of the officer’s training and experience.
If the rule were otherwise, a determination as to the facial sufficiency of a misdemeanor complaint would devolve into a purely subjective evaluation of the foundation set forth for the officer’s expertise. It is hard to believe that the Court of Appeals, by its language in Dumas, intended such a result. For example, a police officer might state in a complaint that a defendant possessed a substance that because of his experience and training, the officer concluded was a narcotic. The complaint might further state that the officer’s experience and training consisted of two courses in narcotics detection in the Police Academy and five narcotics arrests during his four years on the police force. Some of my colleagues, in passing on the facial sufficiency of that complaint, might find that foundation insufficient to adequately demonstrate experience and training, and therefore dismiss the complaint. Others might hold that foundation adequate to support the conclusory allegation that the defendant possessed narcotics. Carrying this example one step further, some of my colleagues might require at least 10 narcotics arrests, at least five years on the police force, and a yearly refresher course on the detection and identification of narcotics in order to support a statement of expertise in a complaint. If, as defendant urges, an evidentiary foundation must be set forth to support a statement of training and experience, whether a complaint is sufficient will depend entirely upon the subjective views of each individual Judge. I do not believe that in deciding Dumas, the Court of Appeals intended to turn a determination of the facial sufficiency of a complaint charging possession of narcotics into a test of how long an officer has been on the police force, how many narcotics arrests he has made, and how many courses he has taken in narcotic detection and identification. Rather, a statement of training and experience is all that is required.
Neither is there a requirement that a police officer allege that he is an expert in the detection and identification of narcotics in order for a complaint charging possession of *238 narcotics to be facially sufficient. Despite the reference in Dumas, it is clear that a police officer who is experienced and trained in the recognition of narcotics need not be an expert in order to have probable cause to make an arrest for possession of narcotics. (People v McRay, 51 NY2d 594, 602 [1980]; People v Garcia, 131 Misc 2d 1000, 1004-1005 [Crim Ct, NY County 1986, Failla, J.].) It would make absolutely no sense if a "non-expert” police officer could make a lawful arrest for possession of narcotics and then not be able to swear to a facially sufficient complaint because of his lack of "expert” status. If a finding of probable cause does not require a police officer to be an expert, surely a complaint drawn following that arrest need not allege that the police officer is an expert in order to be facially sufficient.
It should be emphasized that the court’s decision in this case is that a misdemeanor complaint charging possession of a controlled substance and based upon an officer’s "training and experience” is sufficient under Dumas (68 NY2d 729, supra). There is no need for the complaint to set forth the nature of that experience and training. The court will require, however, especially in case? where the complaint charges possession of a controlled substance other than marihuana, a laboratory report in order to convert the complaint to an information. (See, e.g., People v Harvin, 126 Misc 2d 775, 781 [Crim Ct, Bronx County 1984, Katz, J.].) Whether a foundation for the experience and training is set forth or not, it seems that, as a matter of fundamental fairness, defendant should not have to proceed to trial in a narcotics case unless and until a laboratory report has been filed by the People.