*702 OPINION OF THE COURT
Charles H. Solomon, J.
Defendant was arrested on February 18, 1986 and charged with the class B felony of criminal sale of a controlled substance in the third degree. It was alleged in a felony complaint that "defendant, acting in concert with another unapprehended individual, knowingly and unlawfully sold to informant (an undercover police officer) a narcotic drug, to wit: Cocaine, in exchange for a sum of United States currency”. Defendant was arraigned on February 19, 1986 and was released on his own recognizance. The case was adjourned until March 27, 1986 for Grand Jury action. The case was subsequently adjourned to April 28, 1986 and then to June 6, 1986, again for Grand Jury action. Finally, on June 6, 1986, on the People’s application, the charges were reduced to criminal facilitation in the fourth degree (Penal Law § 115.00 [1]), a class A misdemeanor, and a superseding accusatory instrument was filed by the People which read as follows: "Deponent (an undercover police officer) states that defendant did commit the crime of Criminal Facilitation in the Fourth Degree in that defendant, believing it probable he was rendering aid to a person who intended to commit a crime, he engaged in conduct which provided such person with the means or opportunity for the commission thereof and which in fact aided such person to commit a felony, to wit: Criminal Sale of a Controlled Substance in the Third Degree, in that defendant took deponent to the wall of an abandoned building and told her to put money through a crack in the wall and deponent received 2 vials of cocaine through the same crack.”
In a pretrial omnibus motion filed on July 22, 1986, defendant seeks, inter alia, to dismiss the information pursuant to CPL 170.30, 170.35 on the grounds that it is insufficient on its face, as well as on the ground that he has been denied his statutory right to a speedy trial. In substance, defendant contends that in order for an information charging criminal facilitation of the sale of narcotics to be sufficient on its face, a laboratory report demonstrating that narcotics were actually sold must be filed. And, since this action commenced on February 19, 1986, and a laboratory report has never been filed, defendant further argues that pursuant to CPL 30.30 (1) (a); (5) (c), he has been denied his statutory right to a speedy trial. The People, in response to defendant’s contentions, argue that a laboratory report is not required in order for the accusatory instrument to be facially sufficient.
*703 With the great increase in recent months in the number of arrests for low level street sales of narcotics, especially cocaine in the form of crack, a disturbing situation is occurring in the Criminal Court with ever increasing frequency. Those who are arrested and charged with the sale of cocaine, for acting as what is commonly known as a "steerer”, are rarely indicted. Rather, due either to a lack of evidence sufficient to demonstrate that defendant was acting in concert with the actual seller, or as a matter of prosecutorial discretion, the sale charge against the "steerer” is routinely reduced to criminal facilitation in the fourth degree and the case remains in the Criminal Court. The superseding accusatory instrument normally charges, as here, that defendant rendered aid to a person who sold cocaine. A laboratory report showing that what was sold was actually cocaine is not filed. The court must then rule on the question of whether the instrument is an information without the laboratory report. That question has not as yet been addressed by the courts.
An analysis of this issue must begin with the requirements for a facially sufficient information. By statute, in order for an information to be sufficient on its face, three tests must be met. First, the information must "substantially conform[s] to the requirements prescribed in [CPL] section 100.15” (CPL 100.40 [1] [a]). Thus, an information, like a misdemeanor complaint, must contain two parts, an accusatory part designating the offense alleged, and a factual part, setting forth "facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]). Second, the allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information. (CPL 100.40 [1] [b].) What is required is "evidence or information which appears reliable [which] discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]). Finally, "[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and defendant’s commission thereof’ (CPL 100.40 [1] [c]; People v Hall, 48 NY2d 927 [1979]). In addition, an information is required to exhibit a prima facie or legally sufficient *704 case as well as reasonable cause. (Bellacosa, Practice Commentary, McKinneys Cons Laws of NY, Book 11 A, CPL 100.40, p 67.) The most important requirement of the information, and that which distinguishes it from a misdemeanor complaint, is that the information must be supported by nonhearsay allegations.
With respect to the sufficiency of informations charging possession or sale of narcotics, a particular problem is presented. That problem concerns the necessity of a laboratory report. In the last two years alone, there have been five reported lower court decisions dealing with the issue of whether a laboratory report is required to convert a misdemeanor complaint to a facially sufficient information in cases charging the possession or sale of narcotics. In three of those cases, my colleagues reasoned that in order to satisfy the requirement that the factual allegations in an information be of a nonhearsay nature, laboratory reports were indeed required. (See, People v Muniz, 129 Misc 2d 456 [Crim Ct, Kings County, Meyer, J.]; People v Ranieri, 127 Misc 2d 132 [Crim Ct, NY County 1985, Arber, J.]; People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984, Katz, J.].) In another of those cases, the court opined that either a laboratory report or an adequate statement of expertise on the part of the arresting officer would be necessary to satisfy the nonhearsay requirement. (People v McMillan, 125 Misc 2d 177 [Crim Ct, NY County 1984, Marrus, J.].) In only one case did the court actually find a facially sufficient information without a laboratory report. (People v Hernandez, 124 Misc 2d 376 [Crim Ct, NY County 1984, Gartenstein, J.].) What is significant, however, is that in all of the above cases, the controlled substance involved was marihuana. Unlike marihuana, which is easily recognizable and may be identified with reasonable certainty through one’s sensory perceptions, cocaine and heroin are commonly in the form of white powder. The experience and training of a police officer in the area of narcotics detection and identification, standing alone, does not satisfy the CPL requirement that the factual part of the information be supported by nonhearsay allegations. Research has not disclosed one case in which a court has held an information charging either possession or sale of cocaine or heroin facially sufficient without a laboratory report. In cases, as here, where the allegation is the possession or sale of cocaine or heroin, in the opinion of this court, a laboratory report is an absolute necessity in order to convert the complaint to an information. *705 I have only recently expressed the same view in a decision interpreting People v Dumas (68 NY2d 729 [1986]), where the substance involved was also cocaine. (People v Paul, 133 Misc 2d 234 [Crim Ct, NY County].)
The question still remains whether a laboratory report is required where the charge is not possession or sale of cocaine, but rather criminal facilitation where the object crime is the sale of cocaine. In order to establish guilt of criminal facilitation in the fourth degree, the People must prove that defendant "believing it probable that he is rendering aid * * * to a person who intends to commit a crime * * * engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony” (Penal Law § 115.00 [1]). As the People correctly point out, it need not be proved the defendant specifically intended to commit the object crime. (People v Chesler, 71 AD2d 792, 794 [4th Dept 1979], affd 50 NY2d 203 [1980].) However, what is required is proof that a felony was actually committed. (People v Gordon, 32 NY2d 62, 65 [1973].) Indeed, a court is required to instruct a jury at a trial of a defendant charged with criminal facilitation in the fourth degree that the People must have proved beyond a reasonable doubt that a felony was actually committed. (2 CJI [NY] PL 115.00 [1], p 60.) Applying the above, the People would be required to prove at trial in this case, as they would in a trial where the charge is the sale of cocaine, that cocaine was actually sold. Consequently, with respect to the accusatory instrument in this case, as in those cases where the charge is possession and sale of cocaine, a laboratory report showing the presence of cocaine is a requirement for a facially sufficient information.
In light of the proliferation of narcotics prosecutions in the Criminal Court, the issue of whether a laboratory report is required for an information charging criminal facilitation of a drug sale to be facially sufficient is constantly before the court. As stated above, the rule, at least in nonmarihuana narcotic cases, should be that a laboratory report is required. This is so whether the charge is possession, sale or, as here, criminal facilitation. Therefore, the accusatory instrument in this case is currently a misdemeanor complaint, not a jurisdictionally sufficient information.
Defendant has moved to dismiss the complaint on the ground that he has been denied his statutory right to a speedy trial. In this case, the People are required to be ready for trial *706 within six months from defendant’s arraignment on February 19, 1986. (CPL 30.30 [1] [a]; [5] [c].) The 107-day period from defendant’s arraignment on February 19, 1986 until the reduction of the charges on June 6, 1986 is chargeable to the People. The period from June 6, 1986 until August 6, 1986 is excludable as the case had been adjourned for defense motions. (CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985].) The 43-day period from August 6 until September 18, 1986 is chargeable to the People as the adjournments were caused by the People’s failure to file a timely response to defendant’s motion. The period from September 18, 1986 until October 23 is excludable as the adjournment was for the court’s decision of the instant motion. (CPL 30.30 [4] [a]; People v Worley, supra.)
Accordingly, 150 days are properly charged to the People and defendant’s motion to dismiss on statutory speedy trial grounds is denied. However, the People will be required to file a laboratory report within 31 days from the date of this decision or the case will be dismissed.