OPINION OF THE COURT
John A. Moriarity, J.
Defendant Rhonda Jones is charged with criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, and moves for an order dismissing the accusatory instrument on the ground that it is facially insufficient pursuant to CPL 170.30 (1) (a) and (e) and 170.35 (1) (b).
Codefendant, William Brightman, charged pursuant to an identical accusatory instrument, joins in the motion by leave of court.
The accusatory instrument filed against both defendants contains the following sworn factual allegations by Police Officer Stephen Kunkel: "I did observe the above defendant, William Brightman, in possession of two (2) clear plastic vials containing a rock-like substance believed to be crack/cocaine. Defendant Jones, in possession of three (3) clear plastic vials, containing a rock-like substance, believed to be crack/cocaine. Above based on Officers training and experience.” The accusatory instrument also states that a "Headquarters Drug Field Test was performed on the substance and the test indicated the presence of Cocaine in the tested material. PDCN Form 358 annexed hereto and made a part hereof.”
PDCN Form 358, the drug field test report, is not attached to either accusatory instrument and has not heretofore been filed with the court.
The defense argues that the accusatory instrument is a facially insufficient misdemeanor complaint in that it contains insufficient factual allegations establishing the police officer’s expertise in identifying the substance in question to be cocaine, as required pursuant to People v Dumas (68 NY2d 729). *62 The defense also argues that the failure of the People to file a Scientific Investigation Bureau (SIB) report corroborating the allegations made in the misdemeanor complaint within 90 days of commencement of the criminal proceeding mandates dismissal under CPL 30.30 (1) (b).
In opposition, the People contend the officer’s allegation that his observations were based upon his training and experience is sufficient to comply with People v Dumas (supra). The People also seek to attach a verified PDCN Form 358 — drug field test report, apparently maintaining that this report serves the function of an SIB report for jurisdictional purposes.
The accusatory instrument which has been filed with the court does not contain nonhearsay allegations in the factual part which establish, if true, every element of the offense charged and the defendants’ commission thereof. (CPL 100.40 [1] [c]; 100.15 [3].) Thus, although labeled a District Court information, the accusatory instrument must be considered as a misdemeanor complaint. (CPL 100.40 [4]; 100.10 [4].)
The instant misdemeanor complaint, in order to be facially sufficient, must set forth evidentiary facts in its factual part and/or any supporting depositions accompanying it showing the basis for the police officer’s conclusion that the substance the defendants are alleged to have possessed was cocaine. (People v Dumas, supra.) The court in Dumas, in holding a complaint containing the conclusory allegation that the defendant sold marihuana to be facially insufficient, cited the absence of any allegation that the police officer was an expert in identifying marihuana or that the defendant represented the substance as marihuana as examples of how the complaint failed to provide reasonable cause to believe the defendant committed the offense charged.
Following People v Dumas (supra), the lower courts have reached varying conclusions as to what factual allegations will be considered sufficient on a misdemeanor complaint alleging a drug-related offense. (Compare, People v Paul, 133 Misc 2d 234, 238 [a misdemeanor complaint charging possession of a controlled substance, based solely upon an officer’s "training and experience”, is facially sufficient under People v Dumas], with People v Fasanaro, 134 Misc 2d 141, 143 [an officer’s "generalized, unquantified and unspecified allegations of training and experience regarding narcotics are insufficient allegations of expertise” resulting in a facially insufficient complaint].)
*63 The defense urges this court to adopt the reasoning of People v Fasanaro (supra), thus requiring detailed factual allegations in the misdemeanor complaint demonstrating that the police officer is an expert in identifying controlled substances. However, the Court of Appeals use of the term "expert” in Dumas (supra) did not impose a higher standard of expertise than that which is required of a police officer in making a drug-related arrest based upon probable cause. (See, People v McRay, 51 NY2d 594, 601, 602, 605 [probable cause for narcotics arrest can be inferred from observations of a trained and experienced officer, if such information "would lead a reasonable person who possesses the same expertise as the officer” to conclude that a crime was committed]; People v Garcia, 131 Misc 2d 1000, 1005 [arresting officers are not required to be experts in the use and sale of controlled substances, but "must merely be experienced and trained.”]) If such a higher standard were imposed as a sufficiency requirement of a misdemeanor complaint, a trained and experienced police officer who was not an expert could make a lawful arrest, but not be able to swear to a facially sufficient misdemeanor complaint resulting from that arrest. (People v Paul, 133 Misc 2d, supra, at 238.)
While an officer need not allege that he is an "expert”, the question remains as to what specifically must be alleged in order to render a misdemeanor complaint sufficient under People v Dumas (supra). The concern of the Court of Appeals in Dumas that the conclusory allegation of drug possession must be supported by evidentiary facts showing the basis for the police officer’s conclusion, such as his or her expertise in identifying the substance in question, is not met by an officer’s statement that the conclusion was based upon "training and experience” without some indication as to the nature of that training and experience. It would be both impracticable and excessive to require a detailed recitation mired in the minutiae of the number of narcotics arrests made and courses taken by an officer, as ridiculed by the court in People v Paul (supra). However, the unsupported statement that an officer’s belief that a substance was cocaine was based upon "training and experience”, without indicating at the minimum that such training and experience was in narcotics investigations, detection or identification, is not in itself sufficient to establish reasonable cause to believe the defendant committed the crime charged. (CPL 100.15 [3]; 100.40 [4] [b]; People v Dumas, supra; cf., People v McRay, supra.)
*64 The People cannot cure the insufficiency of the accusatory instrument by belatedly filing a drug field test report, even if verified by the officer who performed the test. A misdemeanor complaint must be sufficient on its face before it can be converted to an information upon which the People can proceed to trial. (CPL 170.65 [1]; People v Dumas, supra.) A facial insufficiency of this nature in a misdemeanor complaint is "not a pleading defect”, and thus is not curable by amendment. (People v Dumas, 68 NY2d, at 731; CPL 170.35 [1] [a].)
Particularly troubling to this court is the People’s attempted use of a preliminary screening test report in place of the scientifically reliable SIB report for purposes of converting a misdemeanor complaint to an information. On a drug-related offense such as that with which the defendants are charged, a Scientific Investigations Bureau laboratory report confirming the substance in question to be a controlled substance has repeatedly been held necessary to satisfy the nonhearsay requirements of an information. (CPL 100.40 [1] [c]; People v Burton, 133 Misc 2d 701; People v Paul, supra; People v McMillan, 125 Misc 2d 177.) Even if a misdemeanor complaint has been sufficiently drawn, "[t]he experience and training of a police officer in the area of narcotics detection and identification, standing alone, does not satisfy the CPL requirement that the factual part of the information be supported by nonhearsay allegations. * * * In cases, as here, where the allegation is the possession or sale of cocaine or heroin * * * a laboratory report is an absolute necessity in order to convert the complaint to an information.” (People v Burton, 133 Misc 2d, at 704.)
The need for a scientifically reliable laboratory report confirming that a substance is as alleged is not merely a matter of form over substance, in view of the "small, but regular” percentage of cases in which laboratory reports show no controlled substances to be present. (People v Fasanaro, 134 Misc 2d, supra, at 143; see also, People v McMillan, 125 Misc 2d, supra, at 179 [estimating that 15% of laboratory reports show no controlled substances to be present].)
In only one published case, involving a marihuana possession charge, was a field test report held sufficient to convert a complaint to an information. The court in People v Escalera (143 Misc 2d 779) found the Duquenois-Levine Reagent System field test scientifically reliable for purposes of converting a misdemeanor complaint to an information, without requiring a hearing on the test’s reliability, based upon the People’s *65 uncontroverted proof on the motion that the Duquenois-Levine test is considered highly selective for marihuana and is accepted as reliable by experts in the field. Of particular significance to the court was the fact that while the test may result in a "false negative” finding (i.e., that marihuana is not present when the substance in fact is marihuana) if the substance tested is very wet, green or old, the possibility of a "false positive” is negligible. (Supra, at 784.)
In the case at bar, the defense has made an affirmative and uncontroverted showing that the drug field test does not bear the same high degree of reliability as the Duquenois-Levine test. Unlike the Duquenois-Levine test, which is unreliable only to the extent that it may produce "false negatives”, the drug field test is unreliable in that it produces "false positives”, testing positive for noncontrolled substances such as aspirin. The People have not addressed the issue of the reliability of the drug field test in opposing the motion, arguing only that the purpose of the test report is to make a "preliminary confirmation” of the presence of drugs, and to convert a misdemeanor complaint into an information.
The basic function of a misdemeanor complaint is "to permit court arraignment and temporary control over the defendant’s person for a given period solely on the basis of 'reasonable cause’, with the expectation that evidence will soon be acquired establishing a legally sufficient case and enabling the misdemeanor complaint to be replaced by or converted to an information.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.65, at 110.) An information replacing a misdemeanor complaint is "required to exhibit a prima facie case as well as 'reasonable cause’.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.40, at 67.)
The People’s position that the drug field test report is sufficient to convert a complaint into an information, which must exhibit a prima facie case as well as reasonable cause (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 100.40, at 67), is belied by the language of the report itself, which states that the substance tested has been "subjected to a preliminary Field Test only”, and that confirmatory testing is required for trial purposes. The drug field test, as a preliminary screening test, is not sufficient to form the basis of a prosecution on drug possession charges, nor to convert a misdemeanor complaint into an information for such a prosecution. A defendant should not have to pro *66 ceed to trial on a drug-related charge until the substance he is alleged to have possessed is confirmed to be a controlled substance; the People have neither demonstrated nor even argued that the drug field test can provide that confirmation with an acceptable degree of reliability.
In light of the foregoing determination that the misdemeanor complaint is facially insufficient pursuant to People v Dumas (supra), the defendants’ motion to dismiss must be granted, without prejudice to the refiling of a sufficient accusatory instrument within speedy trial time constraints. The court does not reach that portion of the motion seeking dismissal on speedy trial grounds, although it is noted that the defense has not set forth factual allegations addressing the periods of delay which have occurred herein and which may be excludable from the statutory time period within which the People must convert a misdemeanor complaint to an information, in accordance with People v Worley (66 NY2d 523).