OPINION OF THE COURT
John P. Walsh, J.
The defendant is charged with insurance fraud in the fifth degree (Penal Law § 176.10), attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30), and falsely reporting an incident in the third degree (Penal Law § 240.50 [3]). In a pretrial motion, the defendant moves to dismiss pursuant to CPL 170.30 (1) (a) the count in the information charging insurance fraud in the fifth degree upon the ground that it is defective within the meaning of CPL 170.35 (1) (a) in that it is not sufficient upon its face pursuant to the require *729 ments of CPL 100.40 (1) (People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]).
The information, in substance, alleges that the defendant’s motor vehicle was found abandoned by the Department of Sanitation and destroyed. The defendant then, allegedly, filed a claim with her insurance company stating that the car was stolen and was last seen by the defendant a day after it was destroyed.
The defendant contends that the complaint is insufficient because it fails to allege that the insurance company in question was licensed to do business in New York State.
The issue for sufficiency purposes is, therefore, whether the People are required to allege, as an element of the crime charged, that the insurance company in this case is licensed to do business in New York State.
Penal Law § 176.10, insurance fraud in the fifth degree, provides that a person is guilty "when he commits a fraudulent insurance act.”
Penal Law § 176.05 defines a "fraudulent insurance act”, in pertinent part, as follows: "A fraudulent insurance act is committed by any person who, knowingly and with intent to defraud presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer or purported insurer, or any agent thereof, any written statement as part of, or in support of * * * a claim for payment * * * pursuant to an insurance policy for * * * personal insurance which he knows to: (i) contain materially false information concerning any fact material thereto; or (ii) conceal, for the purpose of misleading, information concerning any fact material thereto.” (Emphasis supplied.)
Penal Law § 176.00 (1) provides: " 'Insurance policy’ has the meaning assigned to insurance contract by subsection (a) of section one thousand one hundred one of the insurance law”.
It is defendant’s position that this reference to section 1101 (a) of the Insurance Law indicates a legislative intent to protect only those companies licensed to do business in New York State since a related section, Insurance Law § 1102, relates to the licensing of insurers (the section is, in fact, entitled "Insurer’s license required; issuance”).
The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). The legislative intent is to be ascertained from the *730 words and language used, and the statutory language is generally construed according to its natural and most obvious sense (McKinney’s Cons Laws of NY, Book 1, Statutes § 94).
Article 11 of the Insurance Law, of which sections 1101 and 1102 are a part, relates to the New York State licensing requirements of insurers with section 1101 being the definition section of the article. Subdivision (a) (1) of section 1101, in essence, defines an insurance contract as an agreement between an insurer and insured. Section 1102 provides, in essence, that no company shall engage in the business of insurance in New York State without the appropriate license, with a violation of this prohibition resulting in a significant civil penalty. Out of necessity, section 1101, being the definition section, must apply to any insurance business, wherever located, so as to bring it within the licensing provisions of section 1102. By specifically limiting the Penal Law definition section to section 1101 of the Insurance Law and by not requiring as an element of any provision of Penal Law article 176 that an insurer be licensed by the State, the Legislature could only have intended the Penal Law provisions to apply to any company, wherever located.
Furthermore, by limiting, in Insurance Law § 1102, the remedy for not being licensed to a civil penalty rather than declaring any insurance contracts entered into by such unlicensed companies a nullity, the Legislature has taken a position that any such contracts are still enforceable. This is consistent with the over-all policy of all insurance regulation, namely, the protection of the policyholder. (See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 176, at 348.) The ultimate victim of all insurance frauds, which amount to millions every year, is the policyholder since any losses sustained by the companies are passed on to the policyholders in the form of premium increases. To take the position that article 176 of the Penal Law only applies to New York licensed companies does little to protect these ultimate victims of insurance fraud, i.e., New York State policyholders, who either knowingly or unwittingly enter into insurance contracts with companies which may not be licensed by the State and yet who must still pay premiums.
*731 Accordingly, the court finds that for sufficiency purposes, the information is not required to allege, as an element of the crime of insurance fraud, that the insurance company defrauded is licensed to do business in New York State.
[Portions of opinion omitted for purposes of publication.]