OPINION OF THE COURT
John Cataldo, J.
By notice of motion dated December 28, 1994, defendant Givens moves for an order granting dismissal of the accusatory instrument for facial insufficiency pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a). The accusatory instrument charged the defendant with auto stripping in the second degree (Penal Law § 165.09 [1]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]), possession of burglar’s tools (Penal Law § 140.35), and petit larceny (Penal Law § 155.25). On February 28, 1995, the court denied defendant’s motion to dismiss as to the charges of Penal Law § 165.09 (1) and § 145.00 (1), and granted the defendant’s motion for dismissal as to the charge of Penal Law § 155.25. The court reserved decision solely as to the charge of Penal Law § 140.35.
POSSESSION OF BURGLAR’S TOOLS
The factual allegations of the accusatory instrument state that on November 14, 1994 at 2:40 a.m. in front of 153 West 95th Street in the County and State of New York:
"Deponent states that he observed defendant exiting a 1992 Volkswagen [sic], CT license #820HLK, and that when defendant made eye contact with deponent, defendant ran away. Deponent further states that said vehicle was damaged in that the front passenger vent window was shattered, the dashboard was scratched, and the radio from said vehicle was missing, and the wires to said radio were cut.
"Deponent further states that he recovered one boxcutter [sic] from defendant’s jacket pocket, and that said boxcutter [sic] is a tool commonly used in offenses involving larceny by physical taking.
*465 "Deponent further states that he is informed by Matashar Bankhead that (i) Ms. Bankhead is the owner of said vehicle and the contents therein, (ii) that said vehicle was not damaged when Ms. Bankhead had parked it earlier that evening; and (iii) that defendant did not have permission or authority to damage or deface said vehicle, or to take or possess anything inside of said vehicle.”
The defendant contends that because the deponent did not actually observe the defendant using the box cutter to enter the vehicle or damage it, the complaint must contain Dumas language (People v Dumas, 68 NY2d 729 [1986]) as to the officer’s training and experience in identifying burglar’s tools in order to make out the charge of possession of burglar’s tools. The People counter that the factual allegations of the complaint as to the defendant’s exiting the vehicle, the damage to the vehicle, and defendant’s possession of the box cutter, coupled with the allegation that a box cutter is a tool commonly used in offenses involving larceny by taking, are sufficient to make out the charge.
Penal Law § 140.35 reads as follows: "A person is guilty of possession of burglar’s tools when he possesses any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, or offenses involving larceny by a physical taking, or offenses involving theft of services as defined in subdivisions four, five and six of section 165.15, under circumstances evincing an intent to use or knowledge that some person intends to use the same in the commission of an offense of such character.”
A facially sufficient accusatory instrument must allege facts of an evidentiary character demonstrating reasonable cause to believe the defendant committed the crime charged. (CPL 100.15 [3]; 100.40 [1]; People v Dumas, 68 NY2d, at 731, supra.) Mere statements of a conclusory nature will not suffice. Moreover, in order for an information to be sufficient on its face, nonhearsay factual allegations must, if true, establish every element of the offense charged and the defendant’s commission of that offense. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].) A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98, 99 [1977].)
It is well established that for the charge of possession of burglar’s tools the element of intent to use a tool unlawfully *466 may be established by circumstantial evidence. (People v Borrero, 26 NY2d 430, 434 [1970]; People v Smith, 23 NY2d 955 [1969]; People v Diaz, 23 NY2d 811 [1969].) There is no requirement that the defendant actually be observed using the tool, either to gain entry or in the act of committing a larceny. (See, People v Smith, supra; People v Diaz, supra.)
According to the accusatory instrument, the defendant was observed inside a vehicle without permission or authority from the owner. In his possession was a box cutter. At the time the defendant was found exiting the vehicle the front passenger vent window was shattered, the dashboard was scratched, and the radio wires were cut. Furthermore, the owner corroborated that when she had parked the vehicle earlier that evening, the vehicle was not damaged. These facts provide sufficient factual allegations by circumstantial evidence to support the element of unlawful use of the box cutter as a burglar’s tool. (See, People v Davis, 155 AD2d 611 [2d Dept 1989], lv denied 75 NY2d 812 [1990]; People v Aviles, 99 AD2d 1025 [1st Dept 1984]; People v Terry, 43 AD2d 875 [3d Dept 1974].)
In this case, the defendant further argues that to support the element that the box cutter is a tool commonly used to commit offenses of forcible entry or larceny by physical taking, the accusatory instrument must include Dumas language as to the police officer’s training and experience in the identification of burglar’s tools. The defendant contends that the allegation by the officer that a box cutter is a tool commonly used to commit larceny by physical taking is not sufficient.
Dumas language regarding an officer’s training and experience is most often seen in accusatory instruments charging narcotics offenses, where a layperson without such training and experience would not be expected to be able to identify an illegal controlled substance (e.g., a white powder as cocaine rather than as many common household items, such as flour, sugar, baby powder, etc.). It is the combination of the officer’s training and experience in the appearances of controlled substances, their packaging, the presence of related drug paraphernalia, and the means of concealment of the substances, that allow the conclusion by the officer that it is a controlled substance. However, even these observations are insufficient to support an information without a laboratory analysis.
The same situation does not exist in the area of burglar’s tools. A box cutter is a common item, readily identifiable by *467 the general public. Furthermore, it does not require police training or expertise to infer that a box cutter was the tool that caused the damage to this vehicle (e.g., cut wires, scratched dashboard, broken vent window). The court need not decide at this time whether some other burglar’s tools may be so esoteric, specialized or unique so as to necessitate Dumas language as to police training and experience in the recognition of such tools. Here, the nature of the tool used, a box cutter, in combination with the detailed circumstantial factual allegations as to the damage to the owner’s vehicle, are facially sufficient to support the charge.
Accordingly, the defendant’s motion to dismiss the charge of Penal Law § 140.35 as facially insufficient is denied.