OPINION OF THE COURT
Peter J. Benitez, J.
Defendant is charged in an accusatory instrument with criminal possession of a forged instrument in the third degree (Penal Law § 170.20). In substance, defendant is charged with possessing a forged Knicks basketball game ticket. Defendant has moved to dismiss the accusatory instrument for facial insufficiency, contending that the factual allegations concerning the basis for the officer’s statement that the ticket was forged are conclusory and hearsay. The People have responded arguing that the officer’s statements are based on firsthand knowledge and are sufficient to provide a legally sufficient accusatory instrument.
A misdemeanor information may be dismissed as defective pursuant to CPL 170.30 (1) (a) if it is "defective” within the meaning of CPL 170.35. Pursuant to CPL 170.35 (1) (a), a misdemeanor information is defective when it is not "sufficient on its face,” as required by CPL 100.40. A misdemeanor information is sufficient on its face when it substantially conforms to the requirements of CPL 100.15 and sets forth factual allegations which "provide reasonable cause to believe that the defendant committed the offense charged” and nonhearsay allegations of fact which "establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [a], [b], [c].) CPL 100.15 (3) further requires that factual allegations in a misdemeanor accusatory instrument be "facts of an evidentiary character supporting or tending to support the charges”.
The factual part of the accusatory instrument alleges that the officer, a New York City police officer assigned to the 14th Precinct, observed defendant on West 33rd Street between 7th and 8th Avenues in Manhattan near Madison Square Garden where the Knicks play their home games "hawking New York Knicks tickets” and that as he approached defendant, the defendant started running. The officer further alleges that he observed a New York Knicks ticket in defendant’s sock and that said ticket was "forged and/or counterfeit based on information and belief the source of which is: the tickets were of inferior quality in that they were printed on a non-glossy paper with a different texture.”
*895 In People v Dumas (68 NY2d 729 [1986]), the Court held that the requirement that a misdemeanor pleading allege "facts of an evidentiary character” means that the facts alleged must not be "conclusory” statements, but rather must state the basis for a person’s knowledge of the fact asserted. In People v Dumas (supra), the Court found that the officer’s assertion that "marihuana” was the substance sold was conclusory where the officer failed to set forth the basis for that assertion. In other words, the accusatory instrument must state whether the person asserting the facts knows such from his/her own senses, was informed of the fact by another person, or reached the conclusion of fact based on some particular training or expertise. Once it is determined that the accusatory instrument alleges nonconclusory facts of an evidentiary character, the court must determine whether those facts provide reasonable grounds to believe that defendant committed the offense and whether the nonhearsay facts alleged establish the commission of each of the elements of the offense charged. Evidence establishing, if true, every element of the offense charged requires more than reasonable cause to believe that defendant committed the offense. The standard for legal sufficiency of an information, as with the evidence supporting an indictment, requires that the evidence, if unexplained and uncontroverted (without considering the weight or quality of the evidence) would warrant a conviction at trial. (See, People v Swamp, 84 NY2d 725, 730 [1995].)
Considering first the question of whether the factual allegations here are of an evidentiary character as required by People v Dumas (supra), this court is of the opinion that often, it is clear, without being explicitly stated, that a statement of fact is based on the personal knowledge of the person making the statement. Here the officer clearly states what he observed concerning defendant’s conduct and the appearance of the ticket recovered. However, the officer does not state the basis for his being able to contrast the ticket recovered with an authentic Knicks ticket. Although it would have been preferable to have stated the basis of the officer’s knowledge, the language of the officer’s statement permits the court to infer that he has seen a genuine Knicks ticket. Accordingly, contrary to the position taken by the parties, the issue in this case is not whether the pleading contains hearsay or requires a statement setting forth the officer’s basis for concluding that the recovered ticket was a forgery. Rather, the question is whether simply having seen a real Knicks ticket and perceiv *896 ing a difference between such a ticket and the one recovered is sufficient to provide "reasonable grounds to believe the defendant committed the offense” and to "establish, if true”, every element of the offense.
For example, as held in People v Dumas (supra), an officer’s training and experience, if set forth, would provide reasonable grounds to believe that the substance is the drug which the officer believes it to be. Yet, it has been determined that either a laboratory analysis (Matter of Jahron, 79 NY2d 632 [1992]), or a recognized field test analysis (People v Swamp, supra) is necessary to establish the fact that it is a drug. Accordingly, some personal knowledge may permit the conclusion, sufficient for a legally sufficient accusatory instrument, that the fact asserted is established. (Cf., People v Givens, 164 Misc 2d 463 [Crim Ct, NY County 1995] [finding that a box cutter can be stated to be a burglar’s tool].) Other assertions of fact, however, may require more, as has been held in the prosecution of narcotics cases. Here the analogy of the Knicks ticket to drugs is appropriate. While a statement by someone with general training and experience in recognizing drugs may provide reasonable grounds to believe that the substance recovered is a specific drug, an expert opinion, by analysis, is required for a prima facie case. Absent such analysis there is substantial question as to whether or not it is the drug that it appears to be. Similarly, a statement by one who has seen real Knicks tickets that another ticket does not appear to be authentic provides reasonable grounds to believe that it is a forgery. However, the statement of one who has expertise is necessary for a prima facie case. Only one who is specifically knowledgeable about the kinds of paper and printing used by the issuing authority can state that the ticket recovered is not a ticket issued by that authority.*
Accordingly, this court finds that the accusatory instrument does contain allegations of fact of an evidentiary character providing reasonable cause to believe that defendant commit *897 ted the offense and, therefore, is a sufficient misdemeanor complaint. Those facts, however, do not establish, if true, the crime charged, as required for an information. The People will be given an opportunity to convert the accusatory instrument into an information should they want to do so.

 But see, People v Dean, 153 Misc 2d 1031 (Crim Ct, NY County 1992) (where that court appears to have accepted, without it being pleaded, that a New York City police officer is such an expert in identifying forged New Jersey automobile registrations and drivers’ licenses yet the Court of Appeals, in People v Dumas [supra], was unwilling, without it being specifically alleged, to accept that every police officer is trained to recognize drugs, even for the purpose of establishing reasonable cause to believe that it is a drug and additionally required an expert analysis of the drugs to establish a prima facie case).