OPINION OF THE COURT
Kenneth L. Gartner, J.
In People v Burton (133 Misc 2d 701, 704 [Crim Ct, NY *609 County 1986]), the court observed that “[Research has not disclosed one case in which a court has held an information charging either possession or sale of cocaine or heroin facially sufficient without a laboratory report” confirming the substance to in fact be heroin or cocaine. Further research confirms this still to be the case (at least in New York). Based upon the current state of the law as delineated by the Court of Appeals, however, this court does now so hold.
The defendant is charged with a violation of Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree, to wit, heroin, a class A misdemeanor. He was remanded to the custody of the Sheriff and at the time of the instant motion had been in custody for in excess of five days. The defendant moved for release pursuant to CPL 170.70 on the ground that the People had failed to file and annex to the misdemeanor complaint a report by the State Investigations Bureau (SIB) confirming the substance in question to be a controlled substance. The defendant argues that an SIB report “has repeatedly been held necessary to satisfy the nonhearsay requirements of an information” (People v Brightman, 150 Misc 2d 60, 64 [Nassau Dist Ct 1991]). Its filing would permit the misdemeanor complaint to satisfy the requisites of an information (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.65). Its absence, according to the defendant, just as clearly prevents the misdemeanor complaint from meeting the requisites of an information, since “ ‘a laboratory report is an absolute necessity in order to convert the complaint to an information.’ ” (People v Brightman, supra, at 64, quoting People v Burton, supra, 133 Misc 2d, at 704.)
While Brightman, Burton (supra), and other cases holding in accord with them did find such an absolute requirement for an information in a drug case to be sufficient, other cases held differently. In People v Hernandez (124 Misc 2d 376, 380 [Crim Ct, NY County 1984]), the court held: “The affidavit, on knowledge by the arresting officer, unsupported by [a] lab report, is held sufficient to convert the hearsay complaint into an information (CPL 170.65, 170.70).”
People v Burton (supra) distinguished Hernandez (supra) and similar cases on the ground that they involved marihuana. Stated the court in Burton (133 Misc 2d, at 704): “Unlike marihuana, which is easily recognizable and may be identified with reasonable certainty through one’s sensory perceptions, cocaine and heroin are commonly in the form of white powder. *610 The experience and training of a police officer in the area of narcotics detection and identification, standing alone, does not satisfy the CPL requirement that the factual part of the information be supported by nonhearsay allegations.”
In Matter of Jahron S. (79 NY2d 632, 634 [1992]) the Court of Appeals dismissed a Family Court juvenile delinquency petition (which it analogized to an information), finding insufficient the arresting officer’s statement that he had observed the appellant in possession of 33 vials of crack cocaine and that “ ‘based upon [his] training and experience as a police officer assigned to a special narcotics unit with respect to the appearance, handling and packaging of narcotics and other controlled substances,’ ” he believed the substance to be crack cocaine. Noting that in People v Dumas (68 NY2d 729 [1986]) it had indicated that such a statement would be sufficient, the Court observed (79 NY2d, at 640): “Dumas differs from the present case in one key respect, however. As noted above, that case involved a misdemeanor complaint, and the factual part of a misdemeanor complaint must simply establish ‘reasonable cause’ to believe that the defendant committed the crime charged (CPL 100.40 [4] [b]). Thus, a much lower standard is applicable when determining the legal sufficiency of complaints, which, unlike informations and petitions, do not serve as the sole instrument of prosecution and adjudication.”
The Jahron S. Court then, however, went on and held (id., at 640): “Appellants urge us to hold that a laboratory report is always necessary in order to establish a prima facie case of cocaine possession. There is no need to establish a per se rule. We leave open the possibility that a deposition based on personal knowledge and expertness may, in now unforeseen circumstances, qualify as sufficient evidence to establish a prima facie case of drug possession because of the nature of the crime, or its elements, or the special knowledge of the affiant.”
In People v Swamp (84 NY2d 725 [1995]), the defendant was indicted for unlawful possession of cocaine. The trial court dismissed the indictment. The Appellate Division reversed and reinstated, determining that the observations and field testing of the substance by two trained officers were sufficient to establish, prima facie, that the defendant possessed cocaine. As the Swamp dissent in the Court of Appeals later observed, “[t]here is no showing * * * that the field test was generally accepted as reliable,” and to the contrary 7 NYCRR 1010.5 (d) specifically cautions that “ ‘[t]he results of a single test may or may not yield a valid result.’ ” (84 NY2d, at 735.) The Appellate *611 Division nevertheless rejected the defendant’s contention that results of a formal laboratory analysis were required to support an indictment. The Court of Appeals affirmed. The dissent in Swamp objected that the trial court decision “was consistent with those cases requiring a laboratory report for the prosecution of, as opposed to the arrest of, an individual” (84 NY2d, at 734-735, citing, inter alia, People v Brightman, supra, and People v Burton, supra), and argued that “[t]he evidence which is legally sufficient to indict must be legally sufficient to convict” (84 NY2d, at 736). The Court of Appeals majority, however, held:
“[I]n a drug-related prosecution, the People’s case is legally sufficient if the evidence provides a ‘reliable basis’ for inferring the presence of a controlled substance [citation omitted] * * *
“[W]e conclude that the trial court erred when it held that in order to establish a prima facie case, CPL 190.30 (2) required the People to submit results of a formal laboratory analysis of the substance seized from defendant * * * Here, the officer who performed the field test actually testified before the Grand Jury as to his own observations * * *
“[The officer] recounted the observations that led him to conclude defendant possessed cocaine, including the telltale packaging in which the substance was found — a substance that looked like crack-cocáine, which he had been trained to identify — and the presence of drug paraphernalia in defendant’s car. [The officer’s] testimony was probative of whether the substance found in defendant’s possession was cocaine * * *
“This evidence provided a reasonable basis for the Grand Jury to infer defendant possessed cocaine [citation omitted]. Proof beyond a reasonable doubt was not required at this stage.” (84 NY2d, at 730-733.)
Subsequent to Swamp (supra), the court in People v Bratton (166 Misc 2d 893, 896 [Crim Ct, NY County 1995]) concluded: “While a statement by someone with general training and experience in recognizing drugs may provide reasonable grounds to believe that the substance recovered is a specific drug, an expert opinion, by analysis, is required for a prima facie case.” However, Bratton based this conclusion upon its belief that Swamp had held a “recognized field test analysis” to be “necessary” to establish the alleged contraband to in fact be a controlled substance. In fact, while Swamp found a field test analysis together with nonhearsay observations by an experienced officer to be sufficient, it nowhere determined that the field test analysis was “necessary,” and that the nonhearsay observa *612 tions by the officer alone would, without such an analysis, be insufficient. To the contrary, the court in Bratton itself specifically determined that “a statement by someone with general training and experience in recognizing drugs may provide reasonable grounds to believe that the substance recovered is a specific drug” (166 Misc 2d, at 896).
Even after trial, where conviction must be “beyond a reasonable doubt,” “the vast majority of courts in this nation * * * hold [that] proof of the identity of a substance by circumstantial evidence, including lay testimony by a person sufficiently familiar with the drug in question, may be sufficient in a drug prosecution * * * [even] when the drug is not entered into evidence or subjected to chemical testing” (State v Watson, 231 Neb 507, 512-513, 437 NW2d 142, 145-146 [1989]; see, e.g., People v Hanna, 296 Ill App 3d 116, 120-121, 693 NE2d 470, 473 [1998] [proof that substance possessed by a defendant is in fact a controlled substance is normally accomplished through chemical testimony and expert testimony; however, “where sufficient circumstantial evidence exists to convince a fact finder beyond a reasonable doubt that the substance defendant possessed is indeed a controlled substance, expert testimony is not always required”]; State v Krutz, 826 SW2d 7, 8 [Mo Ct App 1991] [affirming conviction for possession of cocaine, and holding that “the government may prove, beyond a reasonable doubt, the nature of an illegal substance through the use of circumstantial evidence * * * (including) ‘the physical appearance of the substance * * * that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence.’ (Federal precedent omitted.)”]). The factual allegations of the misdemeanor complaint, even absent an SIB report, did, under Swamp and Bratton (supra), provide a “reasonable basis” for inferring the presence of a contraband, and thus satisfied the more stringent requirements of a facially sufficient information, at least for purposes of a CPL 170.70 application. The defendant’s application is denied.
[Portions of opinion omitted for purposes of publication.]