OPINION OF THE COURT
Deborah Stevens Modica, J.
The defendant is charged with one count of unlawful assembly and one count of disorderly conduct.
*844 Defendant, in an omnibus motion, seeks: (1) a Sandoval hearing, (2) a Ventimiglia hearing, (3) dismissal of count one of the information for facial insufficiency, (4) an order to compel a bill of particulars and discovery, (5) a reservation of rights, and (6) a reservation of rights to join codefendants’ motions.
The defendant’s omnibus motion is decided as follows:
Motion for a Sandoval Hearing
The branch of the defendant’s motion seeking a Sandoval hearing is granted to the extent that the defendant has leave to resubmit this portion of the motion to the trial judge.
Motion for Ventimiglia Hearing
The branch of the defendant’s motion seeking a Ventimiglia hearing and notice from the People of specific instances of prior uncharged criminal, vicious or immoral conduct is granted to the extent that the defendant has leave to resubmit this portion of the motion to the trial judge.
Dismissal of the Information for Facial Insufficiency
The defendant moves to dismiss count one of the instant information for facial insufficiency (CPL 170.30 [1] [a]; 170.35). A legally sufficient information must contain nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof. The allegations of the factual part of an information, together with those of any supporting depositions which may accompany it, must provide reasonable cause to believe that the defendant committed the crime charged. (CPL 100.40, 70.10 [2].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
The defendant is charged in count one with violating Penal Law § 240.10, unlawful assembly. A person is guilty of unlawful assembly when “he assembles with four or more other persons for the purpose of engaging or preparing to engage with them in tumultuous and violent conduct likely to cause public alarm, or when, being present at an assembly which either has or develops such purpose, he remains there with intent to advance that purpose.” (Penal Law § 240.10.) This has been interpreted to mean that “before an individual may be charged with unlawful assembly, his actions must constitute an incitement which is both directed towards and likely to produce imminent violent *845 and tumultuous conduct.” (People v Biltsted, 150 Misc 2d 872, 879-880 [Crim Ct, NY County 1991]; see also, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.10, at 342.) Upon a review of the scarce case law that has applied this standard, an “incitement which is both directed toward and likely to produce imminent violent and tumultuous conduct” has meant that a person (or people) actually exists which could reasonably be considered a likely target of the planned conduct. (See Matter of Donovan B., 278 AD2d 95, 96 [1st Dept 2000] [defendant wearing gang colors and participating in a fight “in extremely close spatial and temporal proximity to a battle between large groups of ‘Crips’ and ‘Bloods’ ”]; Matter of Danielle V., 293 AD2d 373 [1st Dept 2002] [defendant and a group of others advanced upon a group of police officers in a subway station].)
The factual portion of the instant accusatory instrument provides, in relevant part:
“Deponent states that he is informed by Detective Daniel Thompson, of the Queens Gang Unit, Shield # 381, that at the above-mentioned date, time and location of occurrence, he observed the [four] defendant’s [sic] . . . with eight apprehended others and an apprehended juvenile assembled at Flushing Meadow Park chanting in sum and substance, ‘latin kings forever,’ ‘amor del rey’ which means love for the kings in Spanish and ‘fuck the nieta,’ which is a rival gang. Deponent states that he is further informed by Detective Thompson that the defendant’s [sic] were yelling obscene language and displaying gang gestures. Deponent states that he is further informed by Detective Thompson that there were numerous people at the above-mentioned park and that the actions of the defendants, apprehended others and apprehended juvenile caused the public annoyance and alarm.”
The instant information is defective because there are no factual allegations that the actions of the defendant constituted an incitement which was both directed towards and likely to produce imminent violent and tumultuous conduct. There are allegations that four or more individuals were gathered at Flushing Meadow Park, and there is mention that words and gestures indicating gang affiliation were used by the defendants. There is also an allegation that “numerous people” were present in the park. However, there are no allegations in the instant *846 information that the words and gestures in question were directed toward imminent violent and tumultuous conduct, or that such imminent conduct was likely to occur as a result of those words and gestures. Other than words indicating disdain for another gang, or love for their own gang, there are no additional facts alleged which indicate that these expressions were likely to produce an imminent result. For example, there are no allegations that any opposing gang members were nearby, or that the defendants took actions to follow or seek out opposing gang members. Also, there are no allegations that any of the defendants engaged in actions which would have been likely to produce imminent conduct against those members of the public that were present that day. Without such allegations, the words and gestures in the instant information alone do not support the charge of unlawful assembly.
Accordingly, the defendant’s motion to dismiss count one for facial insufficiency is granted.
Motion to Compel a Bill of Particulars and Discovery
The branch of the defendant’s motion seeking a bill of particulars and discovery is to be regarded as a request for a bill of particulars pursuant to CPL 200.95 and a demand for discovery pursuant to CPL 240.20. It appears that the People have complied with the defense request and demand in their response.
The People are reminded of their obligation under Brady v Maryland (373 US 83 [1963]).
Reservation of Rights
The branch of the defendant’s motion seeking the right to make further motions is granted to the extent provided for by CPL 255.20 (3).
Reservation of Rights to Join Codefendants’ Motions
The defendant seeks the right to join the motions of his codefendants.. Since there have been no motions filed by any codefendants, the motion is denied as moot.