The People of the State of New York, Appellant,
against
Christa Noto, Respondent.




Office of the Brookhaven Town Attorney (Deirdre Cicciaro of counsel), for appellant.
Frederick P. Stern, for respondent.

Appeal from an order of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), dated May 16, 2018. The order, insofar as appealed from, granted the branch of defendant's motion seeking to dismiss an accusatory instrument charging her with violating Brookhaven Town Code § 16-4 (A).




ORDERED that the order, insofar as appealed from, is reversed, on the law, the branch of defendant's motion seeking to dismiss the accusatory instrument charging her with violating Brookhaven Town Code § 16-4 (A) is denied, that accusatory instrument is reinstated, and the matter is remitted to the District Court for all further proceedings thereon.
A misdemeanor information was filed charging defendant with failing to have a certificate of occupancy in violation of Brookhaven Town Code § 16-4 (A), and states, in pertinent part, as follows:
"No land shall be occupied or used and no building, structure or portion thereof shall be occupied, used or changed in its use until a certificate of occupancy has been issued
. . .
To Wit: . . . the above named defendant . . . did own subject premises . . . your deponent observed that the first floor was altered into a separate dwelling unit at the subject premises, which is maintained by the defendant . . . . Your deponent observed sheet [*2]rocked walls separating it from the main dwelling, flooring, a separate kitchen, and ceiling. Your deponent searched the records maintained by the Town of Brookhaven Building Department and found no Certificate of Occupancy on file for the change in use of the first floor to include a separate dwelling unit at the subject premises. Said violation does not fall within any exception to the Brookhaven Town Code or the New York State Uniform Fire Prevention and Building Code."
Defendant subsequently moved to dismiss this information, as well as two others which are not the subject of this appeal, arguing, as to this information, that it is facially insufficient because it alleges solely that she owned the building or structure, not that she used, occupied or changed the use of the building or structure. The People opposed the motion. Insofar as is relevant to this appeal, the District Court, by order dated May 16, 2018, granted the branch of defendant's motion seeking to dismiss this information, finding that the "factual allegations fail . . . to set forth that the premises was either 'occupied,' 'used' or 'changed in its use' by the named defendant."
In People v Miao (61 Misc 3d 148[A], 2018 NY Slip Op 51742[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), this court held that Brookhaven Town Code § 16-4 (A) imposes liability on owners at the time the violations are detected and, therefore, the information need not specifically allege that the defendant made the changes (id. at *2). In view of the foregoing, contrary to the sole issue raised by defendant in her motion papers, the information is not facially insufficient (see CPL 100.15 [3]; 100.40 [1] [c]; People v Casey, 95 NY2d 354 [2000]; People v Dumas, 68 NY2d 729, 731 [1986]) and should not have been dismissed.
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's motion seeking to dismiss the accusatory instrument charging her with violating Brookhaven Town Code § 16-4 (A) is denied, that accusatory instrument is reinstated, and the matter is remitted to the District Court for all further proceedings thereon.
GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019