People v Leon-Morillo (2021 NY Slip Op 50074(U))

[*1]

People v Leon-Morillo (Gerlin)

2021 NY Slip Op 50074(U) [70 Misc 3d 137(A)]

Decided on February 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-647 N CR

The People of the State of New York,
Respondent,
against
Gerlin Leon-Morillo, Appellant. 

Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Andrea M. DiGregorio and Mary Faldich of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Erica L.
Prager, J.), rendered February 28, 2019. The judgment convicted defendant, upon his plea of
guilty, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with grand larceny in the third degree (Penal
Law § 155.35 [1]). A police detective alleged in the complaint that, on December 13, 2016,
defendant purchased $5,974.38 of electronic equipment from the Total Security Integrated
Systems Store in West Hempstead, New York, using a fraudulent Visa credit card with his name
embossed upon it, and that defendant signed the receipt for the fraudulent purchase. According to
the complaint, the detective's allegations were based on security camera footage, the supporting
deposition of a named individual and defendant's own admission to committing the offense.
On May 17, 2018, the court granted the prosecution's motion to reduce the single felony
charge of the accusatory instrument to petit larceny (Penal Law § 155.25), a class A
misdemeanor, in furtherance of a plea agreement. The court properly notated the reduction
(see CPL 180.50), and defendant waived prosecution by information and pleaded guilty
to the misdemeanor charge. The matter was adjourned multiple times for defendant to pay
restitution prior to sentencing, which occurred on February 28, 2019.
Defendant's sole argument on appeal, that the reduced misdemeanor charge of petit larceny,
to which he pleaded guilty, was facially insufficient, is without merit. Because defendant waived
prosecution by information, the accusatory instrument must be evaluated under [*2]the standards which govern that of a misdemeanor complaint
(see People v Dumay, 23 NY3d 518, 524 [2014]), namely, it is sufficient on its face if it
contains factual allegations of an evidentiary character supporting or tending to support the
charge (see CPL 100.15 [3]) and provides reasonable cause to believe that defendant
committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d
729, 731 [1986]). Here, the allegations that defendant was recorded by a surveillance camera
using a fake credit card with his name embossed upon it to procure almost $6,000 in goods
without actually paying for them are sufficient to charge defendant with petit larceny for
"steal[ing] property" (Penal Law § 155.25).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2021