OPINION OF THE COURT
Gerald Harris, J.
The defendant, John Curtis, is charged with two counts of assault in the third degree, attempted assault in the third degree, and harassment in the second degree. He moves to dismiss the complaint for denial of his right to a speedy trial under CPL 30.30.
The People are required, in this class A misdemeanor case, to announce their readiness for trial within 90 days of the commencement of the action. (CPL 30.30 [1] [b].) This case was commenced on January 19, 2003. To date, the People have *1002 made no announcement of their readiness for trial, a period encompassing 164 days as of July 2, 2003, when decision on this motion was reserved. The court must determine whether the excludable time reduces the chargeable period to less than 90 days. Since the defendant has alleged a delay beyond the permissible time, the People have the burden of demonstrating that recognized exclusions reduce the chargeable time to less than 90 days. (People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
The focus of the inquiry is the 55-day period between April 15, 2003 and June 9, 2003, the adjournment granted for trial after conclusion of initial motion practice.
Although CPL 30.30 contains no explicit guidance, the Appellate Division has determined that the People are entitled to a reasonable adjournment to prepare for hearing or trial following a decision on a motion. (See People v Douglas, 156 AD2d 173 [1st Dept 1989]; People v Green, 90 AD2d 705 [1st Dept 1982].)
The defendant, with considerable decisional support, argues that the exclusion for such an adjournment should be limited to those instances where the underlying motion seeks relief which is either potentially dispositive of the case (such as a motion to dismiss) or requires a hearing to resolve disputed factual issues (such as a motion to suppress). (See, People v Wyche, NYLJ, Apr. 13, 2001, at 19, col 2 [Crim Ct, Kings County]; People v Liu, NYLJ, Mar. 12, 1996, at 27, col 1 [Crim Ct, NY County]; People v Jaswinder, 165 Misc 2d 371 [Crim Ct, NY County 1995]; People v Burnett, NYLJ, June 30, 1995, at 31, col 6 [Crim Ct, NY County]; People v Grant, NYLJ, July 11, 1995, at 27, col 6 [Crim Ct, NY County]; People v Derosier, NYLJ, Oct. 27, 1994, at 29, col 3 [Crim Ct, NY County]; People v Santiago, 147 Misc 2d 143 [Crim Ct, NY County 1990].) The underlying motion here did not request a pretrial hearing nor dismissal — it was essentially a motion to obtain discovery.
Defendant, in effect, urges that once a nonsubstantive motion or demand for discovery is served, the People are on notice that they must be ready for trial on the motion’s return date.* While that notion has gained considerable judicial support in the lower courts, it flies in the face of common practice and the implied exclusion provided in CPL 30.30 (4) (a). CPL 30.30 (4) *1003 (a) expressly provides for exclusion of a reasonable period of delay resulting from, among other things, demand to produce and the request for a bill of particulars, as well as pretrial motions.
In the usual case, when a motion schedule is fixed at defendant’s request, an adjourned date is fixed for response to the motion and for the court’s decision — it is not adjourned for response, decision and trial or hearing. There is a generally perceived expectation that, upon decision on the motion, a hearing, if ordered, or a trial date, will be fixed and a reasonable adjournment granted to allow for witness procurement and trial preparation. An adjournment for preparation is the natural culmination of motion practice or discovery demands and should be excludable pursuant to CPL 30.30 (4) (a).
In the context of present practice, it would be neither equitable nor practical to require that the People be ready for trial on the decision date. To prevent untoward surprise or inadvertent delay, the People should be directed, when the motion schedule is fixed, to be ready for a hearing or trial on the decision date if that is the court’s intent. When that is not done, the People should be granted a reasonable adjournment for preparation after decision and that adjournment should be excludable.
This is not to say that the entire period of such an adjournment should be excluded for CPL 30.30 purposes, only the reasonable portion of such an adjournment. What constitutes “reasonable” will vary from case to case and will depend upon the complexity of the issues and the number of necessary witnesses. Generally, an adjournment not exceeding two weeks has been held reasonable. When the court, for reasons of calendar management, sets a longer adjournment, the excess is usually chargeable to the People unless they request a shorter adjournment and had previously filed a certificate of readiness or they toll the chargeable time by subsequently filing a certificate of readiness. (People v Stirrup, 91 NY2d 434 [1998]; People v Kendzia, 64 NY2d 331 [1985].)
In this case, the court finds a two-week adjournment to be reasonable. Thus, 14 days of the period between April 15 and June 9 will be excluded. Since the People did not file a certificate of readiness, they are charged with the balance of the period, i.e., 41 days. The period between March 6, 2003 and April 15, 2003 (40 days) and the period between June 9, 2003 and *1004 July 2, 2003 (23 days) are excluded for motion practice. Thus, the total number of days chargeable to the People is 87. Accordingly, the motion to dismiss is denied.

 Whether a motion seeks substantive relief is not always crystal clear. Here, for example, the motion requests the preclusion of statements for lack of notice and that relief was granted.