OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with one count of criminal diversion of prescription medications and prescriptions in the fourth degree (Penal Law § 178.10), a class A misdemeanor.
By motion dated February 22, 2006, defendant has moved to dismiss the criminal court complaint. Defendant asserts that the People have failed to provide the court with a facially sufficient complaint within the time limitations imposed upon the prosecution of class A misdemeanors by CPL 30.30.
In opposition to defendant’s motion, the People filed a response dated March 24, 2006 asserting that since all charges have been sufficiently pleaded, there is no violation of CPL 30.30.
For the reasons stated below, defendant’s motion is granted, and the instant matter is dismissed pursuant to CPL 30.30.
Factual Statement
Pursuant to the initial criminal court complaint, on May 11, 2005, Phillip Schafforth, a fraud investigator with the Human Resources Administration (HRA), “observed bottles containing . . . Resperdal [sic] with the identifying RX No. 413040” in an apartment located at 1484 St. Nicholas Avenue in New York County.
The initial criminal court complaint, which is signed by HRA Fraud Investigator Samuel Rivera, also indicates that the defendant herein was a recipient of medical benefits from HRA. These benefits allegedly included payment for the prescription medication Risperdal “with the identifying RX # 413040.” Mr. Rivera indicates that he learned this information from records “kept in the ordinary and regular course of HRA business,” and that he is “the custodian of said records.”
The complaint further notes that the defendant had made a written statement which indicates that defendant had never *757 been to 1484 St. Nicholas Avenue, and that on May 3, 2005, at approximately 12:18 a.m., he did sell “a full bottle of the prescription medication Risperdal to an individual who Defendant knew had no medical reason or need for Risperdal medication in exchange for a sum of United States Currency.”[1]
Defendant was arraigned in this matter on September 8, 2005. Defendant’s statement was provided to the court and defendant at arraignment. Defendant argued that his statement alone was insufficient to convert the complaint — in fact, the People required a copy of the HRA records Investigator Rivera had relied upon, as well as a laboratory analysis for the subject prescription medication. The arraignment court apparently accepted this argument; bail was set, and the matter was adjourned to September 13, 2005 for conversion.
On September 13, 2005, the hearing court agreed with the arraignment court and found that the complaint was not converted. The matter was then adjourned to November 3, 2005 for conversion, and the defendant was released pursuant to CPL 170.70.
On November 3, 2005, the People failed to convert the complaint. The matter was then adjourned to December 8, 2005; however, on December 6, 2005, the People filed a superceding complaint with a statement of readiness.
The superceding complaint, which is also signed by HRA Fraud Investigator Samuel Rivera, provided these additional facts; Mr. Rivera was informed by pharmacist Fayyaz Rasheed that he dispensed a prescription for Risperdal to the defendant under “the unique prescription identifying number of RX # 413040,” and that said prescription was billed to and paid by the Human Resources Administration.
On December 8, 2005, defendant requested permission to file the instant motion. Therefore, under CPL 30.30 (4) (a), no further time is chargeable in this matter.
Legal Analysis
Since the top count of the criminal court complaint herein is a class A misdemeanor, there is no dispute that 90 days is the applicable time limit. (See, People v Lang, 5 Misc 3d 1021 [A], 2004 NY 51474[U] [Crim Ct, Kings County 2004].)
*758 If we accept the arguments of the defendant, and add the five days between September 8, 2005 and September 13, 2005 to the 51 days between September 13, 2005 and November 3, 2005, and then add in the 35 days between November 3, 2005 and December 8, 2005, the court calculates 91 days would be charged to the People in this matter to date.
However, if we accept the superceding complaint filed by the People with their statement of readiness dated December 6, 2005, then only 89 days would be charged to the People to date. Of course, if we accept the arguments contained in the People’s affirmation in opposition dated March 24, 2006, then the super-ceding complaint is superfluous, and no time at all would be charged to the People.
At heart, the resolution of the GPL 30.30 issue depends on whether or not the People have ever properly converted the criminal court complaint into an information.
In his motion to dismiss dated February 22, 2006, defendant asserts that neither the initial criminal court complaint, nor the superceding complaint have ever been successfully converted. Defendant argues that a laboratory analysis of the alleged Risperdal, as well as a copy of the HRA records relied upon by Fraud Investigator Rivera, must be presented to the court before the complaint may be deemed an information.
For their part, the People assert that neither a lab report nor HRA records are necessary, and that, in fact, defendant’s admission of the sale in his written statement are sufficient to convert the complaint.
Under these circumstances, the court’s review is limited to whether or not the People’s allegations as stated in the criminal court complaint are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See, People v Jennings, 69 NY2d 103, 115 [1986].)
GPL 100.15 provides that every accusatory instrument must contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See, People v Dumas, 68 NY2d 729 [1986].)
*759 Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both these factors are present, then the information states a prima facie case, and is sufficient. (See, People v Alejandro, 70 NY2d 133 [1987].)
In New York, “[o]ut-of-court statements which are offered for the truth of their content constitute hearsay, and may not be admitted unless they come within an exception to the hearsay rule.” (See, People v Slaughter, 189 AD2d 157, 159 [1st Dept 1993].) The key question to be asked in determining whether or not a statement is hearsay is for what purpose is the statement being introduced? If the out-of-court statement is being used to prove the truth of the subject matter of the statement, then it is hearsay, and can only be accepted if it comes within an exception to the hearsay rule. (See, Barker and Alexander, Evidence in New York State and Federal Courts § 8:1 [Nature of hearsay, New York and federal (Federal Rule 801)], at 755 [5 West’s NY Prac Series 2001].)
Applying these principles to the instant matter, in the absence of a laboratory report for the alleged prescription medication, and a copy of the relevant HRA records, the factual allegations contained in the misdemeanor complaint before this court continue to rely upon the hearsay assertions of the deponent and his informants, which do not come under any exception to the rule against the admission of hearsay evidence.
Penal Law § 178.10 provides that “[a] person is guilty of criminal diversion of prescription medications . . . when he or she commits a criminal diversion act.” A “criminal diversion act” is defined in Penal Law § 178.00 (3) as:
“an act or acts in which a person knowingly:
“(a) [transfers or delivers, in exchange for anything of a pecuniary value, a prescription medication or device with knowledge or reasonable grounds to know that the recipient has no medical need for it.”
There is a dearth of case law interpreting this statute. In People v Medinas (180 Misc 2d 251, 255 [Sup Ct, Kings County 1999]), the court was called upon to determine the meaning of the phrase “value of benefit exchanged” in Penal Law § 178.15 (1), a class E felony. There the court ruled that this term refers “not to the value of the medication in the lawful retail market, *760 but to the . . . benefit. . . that is exchanged for the medication in the criminal transaction.” (People v Medinas at 255.)
As in Medinas, the question here is one of first impression: what evidence must be presented by the People in a criminal diversion prosecution before the hearsay allegations of the criminal court complaint may be deemed cured?
(A) Defendant’s Statement as Corroboration.
As an initial matter, it is clear that the defendant’s confession alone is insufficient to convert the complaint. Under CPL 60.50, “[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the charged offense has been committed.” While the standard for corroborating evidence is not very high, there need be some independent evidence of a defendant’s confession. (See, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 60.50, at 678 [1981]; People v Kaminiski, 143 Misc 2d 1089 [Crim Ct, NY County 1989]; People v Booden, 69 NY2d 185, 188 [1987] [circumstances that support the inference that a vehicle was driven by a person under the influence of alcohol will corroborate a defendant’s confession].)
Thus, the People clearly require more than the defendant’s confession alone before the criminal court complaint can be deemed an information.
(B) Prescription Medications.
In their opposition dated March 24, 2006, the People argue strenuously that a laboratory analysis is unnecessary where the substance recovered is a prescription medication. Noting that Risperdal is not among the controlled substances listed in Penal Law § 220.00 (5)-(13), and schedules I through IV of Public Health Law § 3306, the People interpret defendant’s motion as a “request that this court legislate and write Resperdal [sic] into the statute.”
Actually, defendant’s position is stated very simply: if he is charged with sale of a prescription medication, the People must establish that the substance recovered was, in fact, a prescription medication.
By definition, a “prescription drug” is one “that can only be obtained by means of a physician’s prescription,” as opposed to an “over-the-counter-drug” which is “sold without a prescription.” (See, <http://www.Dictionary.com>.)
If defendant had admitted to selling aspirin, which is clearly an over-the-counter drug, then there would be no violation of *761 the criminal diversion statute. Similarly, if defendant had been stopped by a police officer, and a search of his person revealed a bottle of Risperdal with defendant’s name on the label, there would again be no criminal act. However, pursuant to Penal Law § 178.00 (3) and § 178.10, if the defendant sells (“for pecuniary value”) his prescription medication to another “knowing that the recipient has no medical need for it,” therein lies the criminal offense.
Thus, it is inconceivable that the People would not be required to show, as an essential element of proof, that the substance allegedly sold to another for pecuniary value is indeed a prescription medication.
Under 21 USC § 355 (a), “[n]o person shall introduce or deliver for introduction into interstate commerce any new drug, unless an approval of an application ... is effective with respect to such drug.” An application for approval of any new drug is reviewed and approved by the Food and Drug Administration (FDA). A search of the FDA’s records, available on the Internet, indicates that the drug Risperidone, under the proprietary name Risperdal, was approved for sale by the FDA on June 10, 1996. (See, <http://www.fda.gov/cder/da/ddpa696.htm>, cached at <http://www.courts.state.ny.us/reporter/webdocs/ Drug_Device_Approvals_June_1996.htm>.)
Therefore, while Risperdal is not a “controlled substance” in the sense that possession and sale of this drug is not subject to the penalties of Penal Law article 220, it is something that is regulated, and not available to the public without a doctor’s prescription. See, also, Education Law § 6810 (1), which states “[n]o drag for which a prescription is required by the provisions of the Federal Food, Drug and Cosmetic Act or by the commissioner of health shall be distributed or dispensed to any person except upon a prescription written by a person legally authorized to issue such prescription.”
Logically then, there is nothing unreasonable in requiring the People to establish that the substance recovered at 1484 St. Nicholas Avenue in a bottle with identifying RX No. 413040 is indeed a prescription medication.
The People may assert that the statement of pharmacist Fayyaz Rasheed contained in the superceding complaint, to the effect that he dispensed a prescription for Risperdal to the defendant under “the unique prescription identifying number of RX # 413040,” is sufficient to convert the complaint under Dumas (supra). In fact, in testifying to the identity of a drug, a pharmacist may rely upon “information [that] is customary among pharmacists as it is not part of a pharmacist’s duties to *762 conduct a chemical analysis of drugs dispensed.” (See, People v Czarnowski, 268 AD2d 701, 702 [3d Dept 2000].)
Under the authority of Czarnowski, it appears that the People are allowed to present the statement of pharmacist Rasheed for the purpose of conversion; however, a review of the facts in that case reveal its distinction from the case at hand. There, a pharmacist found an unlabeled vial containing white pills in her pharmacy. The pharmacist testified that she was able to identify the pills as Vicodin when “she compared the numerical code on a pill from the subject vial with the code on the pills in the general stock of generic Vicodin.” (268 AD2d at 702.) Despite the fact that the pills were not available at trial, since the pharmacist had returned them to her general stock, the defendant, who had admitted to taking the pills and hiding them in the store, was convicted of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09).
The contrast with the instant case is obvious. In Czarnowski, the pharmacist had the opportunity to view the pills, and using her knowledge and experience as a pharmacist, match the code on the actual pill to the code on the pills in her generic stock. Here, there is no information presented that pharmacist Fayyaz Rasheed ever viewed the substance that was recovered by HRA Fraud Investigator Phillip Schafforth on May 11, 2005 in an apartment located at 1484 St. Nicholas Avenue in New York County.[2] All pharmacist Rasheed states is that he filled a prescription for defendant for Risperdal under RX No. 413040, and that HRA was billed and paid for said prescription.
In the absence of any examination of the substance recovered, the pharmacist cannot say that the prescription medication he gave to defendant is the same substance recovered by Investigator Schafforth from 1484 St. Nicholas Avenue. (See, People v O’Neill, 285 AD2d 669, 672 [3d Dept 2001] [evidence presented to grand jury deemed insufficient where purchasers of alleged Vicodin merely stated their conclusion that the pills they purchased were Vicodin, “with no explanation of the basis of their conclusion”]; People v Lucarelli, 190 Misc 2d 137 [Sup Ct, Erie County 2002].)
Therefore, without a statement by pharmacist Rasheed that he examined the substance recovered by Investigator Schaf *763 forth, and based upon his training and experience, he knew the substance recovered to be Risperdal, a laboratory analysis is necessary to establish that the substance recovered by Investigator Schafforth is indeed the prescription medication Risperdal.
As drafted, then, the statements contained in the superceding complaint are conclusory, and insufficient to support the charge of criminal diversion of a prescription medication in the fourth degree. (See, Dumas, supra.)
(C) HRA Records.
In their opposition dated March 24, 2006, the People argue that a copy of the HRA records relied upon by Fraud Investigator Rivera need not be produced since he is a custodian of those records, and his testimony comes under the hearsay exception for “business records.”
CPLR 4518 (a) states that
“[a]ny writing or record . . . made as a memorandum or record of any record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.”
Defendant likens the situation here to that which is presented in prosecutions for violations of the Vehicle and Traffic Law. There, “[t]he deponent police officer’s allegation that the defendant was operating a motor vehicle with a suspended license, based upon a check of DMV records, is hearsay until the certified DMV abstract corroborates the allegations and converts the Vehicle and Traffic Law § 511 complaint to an information.” (See, People v Armfield, 189 Misc 2d 556, 559 [Crim Ct, NY County 2001].)
For their part, the People assert that unlike a police officer, who is not the custodian of the records of the Department of Motor Vehicles, Fraud Investigator Rivera is a custodian of the records of the Human Resources Administration, and, as such, is able to certify “that HRA records are kept in the ordinary and regular course of HRA business.” Therefore, based upon his review of said records, he determined that defendant was an HRA client, and that HRA paid for the prescription medication Risperdal under identifying RX No. 413040.
Since this question has not been addressed in the context of a criminal diversion prosecution, the Vehicle and Traffic Law *764 context will continue to serve as most analogous to the situation at hand.
In People v Smith (163 Misc 2d 353, 363 [Town of Perinton Just Ct, Monroe County 1994]), the court held that the People could satisfy the requirement that a misdemeanor information must contain “nonhearsay allegations of fact” (see Alejandro, supra) with “hearsay which would be admissible at trial.” However, the court qualified this ruling with “one proviso . . . in the case of a document sought to be used under the business records exception of CPLR 4518 (a), its admissibility must be apparent on the face of the document.” (163 Misc 2d at 364.)
Thus, on this basis, courts have accepted the “attachment of [a] DMV teletype . . . indicating] that the defendant’s license was suspended for failure to pay a fine” where the police officer/deponent certified that this form is “generated in the regular course of police business.” (See, People v Quarles, 168 Misc 2d 638, 646, 645 [Rochester City Ct 1996]; People v Krenzer, 180 Misc 2d 757 [Rochester City Ct 1999].)
The unifying factor of CPLR 4518 (a) in Smith, Quarles and Krenzer is the one factor which is missing in the present case — in each, it is presupposed that the court has been presented with a document to be examined. Here, the People ask the court to certify a document as a business record, without presenting the physical document relied upon by the deponent.
This court has found no instance where a deponent indicates that he or she is the custodian of a business record, and asked a court to accept his or her statements regarding the nature of that document, without also presenting the business record itself for the court’s review.
It is not necessary for the People to produce the entirety of defendant’s record with the Human Resources Administration— this would clearly be an undue burden on the People and the court. However, if a deponent makes a statement based upon a review of certain documents contained within the defendant’s file with HRA, if the People expect the business record exception to apply, the documents upon which the deponent relied must be produced for the court’s inspection. Only then can the court determine if the document satisfies the business record exception of CPLR 4518 (a), and allow the complaint to be deemed an information on this basis.
In the instant matter, Investigator Rivera indicates in the superceding complaint that he has reviewed documents main- *765 tamed in the ordinary and regular course of HRA business, and that he is the custodian of said records. Until the records that the investigator relied upon are produced, the court is unable to determine whether these documents come within the business record exception to the hearsay rule.
Therefore, the People have failed to provide the court with a misdemeanor information that does not contain “nonhearsay allegations of fact.” 0See Alejandro, supra.)
(D) Conclusion.
Since defendant’s statement alone is insufficient to convert the complaint, and the People have never provided a laboratory analysis of the substance recovered, or a statement from a person with training and experience in the recognition of prescription medicines, or a copy of the documents relied upon by the deponent, the initial complaint, as well as the superceding complaint, both are insufficient in that they contain hearsay allegations of fact.
Therefore, due to the People’s failure to convert the complaint within 90 days of the defendant’s arraignment, this matter is dismissed pursuant to CPL 30.30. Sealing is stayed until June 22, 2006.
All other arguments advanced by the People in their affirmation in opposition dated March 24, 2006 have been reviewed and rejected by this court as being without merit.

. For unknown reasons, the People’s affirmation in opposition dated March 24, 2006 references the prescription medications Zoloft and Viagra. The criminal court complaint makes clear that the only medication at issue here is Risperdal, an antipsychotic used to treat schizophrenia and psychotic disorders. {See, <http://www.mwsearch.com/schizophrenia.html>, cached at <http://www.courts.state.ny.us/reporter/webdocs/medical_world_search.htm>.)

. The mere fact that Investigator Schafforth observed bottles “with the identifying RX # 413040” does not insure that said bottle still contained the prescription medication Risperdal.