OPINION OF THE COURT
Dena E. Douglas, J.
Defendant, Tinisa Wilson, is charged with one count of petit larceny pursuant to Penal Law § 155.25. When defendant was arraigned on August 27, 2009, she was also charged with grand larceny in the fourth degree pursuant to Penal Law § 155.30 (1), but on October 15, 2009, the People reduced the case by dismissing that felony count. The People also filed supporting depositions for two informants mentioned in the complaint and announced their readiness for trial. The case was adjourned to November 12, 2009 for discovery by stipulation (DBS). On November 12th the case was adjourned for hearings and trial on January 13, 2010. The People were instructed to file DBS by December 8, 2009.
On January 13, 2010, the People again announced their readiness for trial although DBS had not been served. The matter was adjourned to February 23, 2010 for hearing and trial. The People served DBS on February 4, 2010, along with a statement of readiness (SOR).
On February 23, 2010, defendant argued that documents served within the People’s DBS production were business records that should have been submitted to the court for certification, in order for them to be admitted as an exception to the hearsay rule, and that because these documents had not been so submitted the People had failed to convert their complaint to an information until those documents were submitted on February 4, 2010. A motion schedule was set. Defendant now moves for dismissal of the accusatory instmment on the ground that the factual allegations in the accusatory instrument contained hearsay statements that were not converted until February 4, 2010. Defendant also asserts that because this is so, the People have violated CPL 30.30 (1) (c), exceeded the time available to them to prepare for trial and denied defendant’s right to a speedy trial.
Facial Sufficiency
In order for the court to obtain jurisdiction over an accused for a misdemeanor offense, a misdemeanor complaint must be *1051 filed (see CPL 100.05, 100.10 [4]). A complaint contains an accusatory portion that charges the designated offense (see CPL 100.15 [2]) and a factual section that alleges “facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]). The factual part of a complaint must establish “reasonable cause” to believe that the defendant committed the charged offense (see CPL 100.40 [4] [b]).
In addition to the reasonable cause requirement, an information must also set forth “nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof’ (People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133 [1987]; see CPL 100.40 [1] [c]). This is referred to as the “prima facie case” requirement (People v Jones, 9 NY3d 259, 262 [2007]).
Defendant argues that conversion of the complaint required the business records supplied as a part of the People’s DBS production to have been submitted to the court for examination and certification in order to convert the hearsay statements in the complaint to nonhearsay allegations by use of the business records exception.
The court has reviewed the defendant’s moving papers, the People’s response, relevant statutes and case law, and for the reasons discussed hereafter denies the defendant’s motion to dismiss the charges.
Hearsay
Hearsay is generally defined as a statement made out of court, which is offered for the truth of its content, whether the statement is oral or written. (See Prince, Richardson on Evidence § 8-101 [Farrell 11th ed], citing Sadowsky v Chat Noir, Inc., 64 AD2d 697 [2d Dept 1978].) The hearsay rule was created because a witness who testifies to some fact at trial may be cross-examined for the purpose of determining what weight, if any, should be given to the testimony. In the usual case concerning hearsay, the opportunity to cross-examine the declarant, the person who made the hearsay statement, does not exist. An additional reason given has been that the declarant was not under oath when the statement was made. (Donnelly v United States, 228 US 243 [1913].)
The business records exception to hearsay has been recognized as one of the most important hearsay exceptions. The statutory business records rule, now CPLR 4518 (a), was originally enacted in 1928 to allow for records made in the regular course *1052 of a business to be entered into evidence without the need for each person who had participated in the creation of a document to make an appearance in court. (Johnson v Lutz, 253 NY 124, 128 [1930].) The rule is technically made applicable to criminal prosecutions by CPL 60.10. Essentially, records systematically made for the conduct of a business as a business are considered inherently trustworthy because they are routine reflections of day-to-day operations, and because it is the entrant’s obligation to have them truthful and accurate for purposes of the conduct of the enterprise. (Prince, Richardson on Evidence § 8-301 [Farrell 11th ed], citing People v Kennedy, 68 NY2d 569 [1986].) Factual Summary
Upon examination of the accusatory instrument, we find that the factual allegations, as recorded by deponent Maria M. Amigon, detail knowledge by the informant, Joe Rezendes, of the contents of specific business records of the retail establishment where defendant and the informant both worked. The informant holds himself out as “Custodian of Records” for the business and as a regional security director. In pertinent part, the allegations state:
“informant observed in the ordinary keeping of said records to indicate that the defendant was employed as a cashier at the above location, a DSW shoe store. During the above time defendant was assigned an identification name and password to access the registers . . .
“informant observed said records to indicate that on 8/5/2009 at 7:38 PM, the defendant’s identification was used at a register . . . where a transaction for approximately $17 in merchandise took place, and that the informant observed video surveillance footage of the above time that showed the defendant scanning one item of merchandise for a group of customers and [then] placing a large quantity of merchandise valued at $534.70 in said customer’s bags without scanning said items and without said customers paying for said items . . .
“informant observed said records to indicate that on 8/12/2009 at 7:50 PM, the defendant’s identification was used at a register . . . where a transaction for approximately $17 in merchandise took place, and that the informant observed video surveillance footage of the above time that showed the defendant scanning one item of merchandise for a group of *1053 customers and [then] placing a large quantity of merchandise valued at $396.00 in said customer’s bags without scanning said items and without said customers paying for said items . . .
“informant observed said records to indicate that . . . defendant’s register identification was used to accrue $150 in DSW rewards to the DSW rewards account of another individual by adding transactions made by other customers onto said rewards account and that $127.82 [was] charged onto said rewards account . . . .”
Additionally, the factual portion of the accusatory instrument alleges that informant Marisol Rivera, assistant manager, states, in pertinent part that “defendant made a statement to informant Rivera that defendant gave out free merchandise by manipulating the two above mentioned transactions and that defendant used defendant’s DSW identification to add the above described monies to the above-mentioned DSW rewards accounts.”
Deponent Amigon was further informed by informant Joe Rezendes that he is the custodian of the above-mentioned property and that defendant had neither permission nor authority to take, possess, or otherwise exercise dominion or control over said property.
Discussion
Defendant posits that certain allegations presented in the factual portion of the accusatory instrument are hearsay statements because the allegations were not identified to the court as admissible into evidence under the business records exception to the hearsay rule and the relevant business records were not presented to the court along with the accusatory instrument and supporting documents for conversion of the instrument into an information at the time that the People stated their readiness for trial. Defendant relies on People v Ross (12 Misc 3d 755 [Crim Ct, Kings County 2006]) and People v Tisdale (18 Misc 3d 1125[A], 2008 NY Slip Op 50201[U] [Grim Ct, Kings County 2008]). The court has been unable to locate, after diligent search, any appellate court decision supporting defendant’s position. Because it is well recognized that courts are not bound by other courts of coordinate jurisdiction (Matter of Cruikshank, 169 Misc 514, 515 [1938]), this court declines to follow Ross or Tisdale or the arguments proffered by defendant for the reasons that follow.
*1054 The Court of Appeals has increasingly taken the position that “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000]; People v Konieczny, 2 NY3d 569 [2004]; People v Kalin, 12 NY3d 225 [2009].)
The Appellate Term, Second Department, has also increasingly followed this line of reasoning in its decisions. In People v Mayes, the Appellate Term refused to find an information defective on the ground that the People failed to provide specific documents that addressed the knowledge element of the crime of aggravated unlicensed operation of a vehicle (19 Misc 3d 48 [App Term, 2d Dept 2008], citing People v Casey, supra), and holding that the requisite knowledge for the commission of a crime may be inferred from the defendant’s conduct and the surrounding circumstances.
In addition to the oft-cited paragraph above, People v Casey actually discusses the requirement for presentation of documents at pretrial to overcome hearsay issues. Casey held that “a non-hearsay requirement is met so long as the allegation would be admissible under some hearsay rule exception” (see People v Casey, 95 NY2d 354, 361 [2000] [emphasis added]). In Casey, the Court of Appeals held that a hearsay pleading violation is not “jurisdictional and non-waivable” because to hold otherwise would be at variance with historical accusatory instrument jurisprudence and contrary to the Legislature’s purpose in the enactment of CPL 100.40 (1) (c) to make criminal pleading requirements less restrictive. (See Casey at 362-363.) Continuing, Casey goes on to state that
“deeming hearsay allegation defects in local criminal court informations jurisdictional and non-waivable would be inconsistent with the general principles governing the narrow instances where this Court has departed from the requirement that errors in criminal proceedings have to be preserved at the trial court in order to be reviewable as an issue of law.” (Id. at 363; see also People v Turpin, 8 Misc 3d 128[A], 2005 NY Slip Op 50970[U] [App Term, 2d Dept 2005] [confirming that the nonwaivable jurisdictional requirements established by People v Alejandro (70 NY2d 133 [1987]) are deemed waived in regard to hearsay allegations, absent a pretrial *1055 motion].)
Defendant will be heard to say that her present pretrial motion meets the Turpin standard in a timely fashion. We disagree. Defendant complains that the People did not timely establish that the DSW records referred to in the complaint are business records and must therefore be admitted under an exception to the hearsay rule (defendant’s motion at 5), but defendant is silent regarding the concurrent necessity for defendant to timely move for dismissal based on that same alleged failure. Defendant’s motion was filed well after expiration of the speedy trial time and after the People had made several statements of readiness on the record. Defendant did not challenge the People’s statements of readiness and did not raise the issue of the sufficiency of the accusatory instrument at any prior time although the alleged defect of which they complain was apparent on the face of the accusatory instrument. A defendant cannot silently lie in wait, while CPL 30.30 time expires, to raise an objection to the facial sufficiency of an information that was apparent at all times and then ask the court to charge the People ab initio. (People v Odoms, 143 Misc 2d 503, 505 [Crim Ct, Kings County 1989].) The People filed supporting depositions and answered ready for trial on October 15, 2009, 49 days after defendant’s arraignment. On that date, the matter was adjourned for discovery by stipulation. Time allocated for discovery by stipulation is excludable: “Since DBS is in lieu of motion practice and discovery practice in Kings County, the adjournment is excludable under CPL 30.30 (4) (a), irrespective of the People’s readiness.” (People v Khachiyan, 194 Misc 2d 161, 166 [Crim Ct, Kings County 2002].) We find the People responsible for 49 days of includable delay.
Conclusion
As defendant does not question the sufficiency of any part of the accusatory instrument that is unrelated to the business records exception to the hearsay rule, the court declines to examine other issues raised only by the People. Defendant’s motion to dismiss the accusatory instrument for facial insufficiency on the basis of the People’s failure to timely submit certain business records is denied. Defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30 is likewise denied.