OPINION OF THE COURT
Evelyn J. Laporte, J.
The defendant, David Fuller-Gist, is charged with operating a motor vehicle in the opposite direction of traffic on a one-way roadway (Vehicle and Traffic Law § 1127 [a]); reckless driving (Vehicle and Traffic Law § 1212); leaving the scene of an accident involving physical injury without reporting (Vehicle and Traffic Law § 600 [2] [a]); and unsafe backing up of a motor vehicle (Vehicle and Traffic Law § 1211 [a]). He moves to dismiss the charge of leaving the scene of an accident involving physical injury without reporting (Vehicle and Traffic Law § 600 [2] [a]) pursuant to CPL 30.30 (1) (b) on the grounds that he has been denied his statutory right to a speedy trial on that charge as it has not been made facially sufficient under CPL 170.35. It is noted that the defendant has not moved to dismiss the charge for facial insufficiency pursuant to CPL 100.40, 170.30 and 170.35. For the reasons that follow, the defendant’s motion to dismiss this charge under CPL 30.30 is denied.
Facial Sufficiency
To be sufficient on its face a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed *692 the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10.) These facts must be supported by nonhearsay allegations which, if true, establish every element of the offenses. (CPL 100.40 [1] [c].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
Vehicle and Traffic Law § 600 (2) (a) provides that any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his license and insurance identification card, give his name, residence and other enumerated information to the injured party, if practical, and also to a police officer. After a review of the court papers, relevant facts, case law and statutes, the court comes to the following conclusions regarding the facial sufficiency of that count.
The complaint alleges that a bystander saw the defendant driving a car and striking a female pedestrian in the crosswalk. The car then shifted into reverse and drove backward down a one-way street, leaving the scene of the accident without displaying the required identification and insurance information. In the complaint the pedestrian states that she suffered bruising and substantial pain as a result of the collision. The People filed a supporting deposition from the bystander, but not from the injured pedestrian. The factual portion of the complaint reads as follows:
“[Police Officer Artese C. Davis] is informed by Etis[yai] Prince, that at [approximately 1:16 p.m. at Lewis Avenue and Bainbridge Street in Kings County, New York State] the informant observed the defendant driving a 2003 Cadillac Seville NY State license No. DRP5337 and that defendant did strike Joan Cooper, a pedestrian who was crossing the above-mentioned intersection.
“Deponent is further informed by the informant that the defendant then began driving in reverse in the wrong direction down Lewis Avenue and then left the scene of the above-mentioned collision without exhibiting the defendant’s license or insurance identification card to the informant.
“Deponent is further informed by Joan Cooper that the defendant did not report the above-mentioned *693 collision to any police officer and that the above-described collision caused informant to suffer bruising about the body, and to suffer substantial pain.”
The complaint is accompanied by a supporting deposition from Etisyai Prince dated August 25, 2011.
The defendant argues that facial sufficiency of the charge of Vehicle and Traffic Law § 600 (2) (a) requires that allegations of pain and injury to Ms. Cooper must be corroborated through a sworn statement from Ms. Cooper herself. This court agrees that absent a sworn allegation of circumstantial facts that tend to make it clear that Ms. Cooper suffered physical injury, a supporting deposition would be required to corroborate this essential element of that charge.
Vehicle and Traffic Law § 600 (2) (a) requires that the driver of a motor vehicle that is involved in an accident must know or have reason to know a human being has been physically injured as a result of an accident involving the defendant’s vehicle. The complaint states that the bystander, Etisyai Prince, observed the defendant’s vehicle strike Ms. Joan Cooper. But there is no description of what the defendant was able to perceive or should have been able to observe from the defendant’s vantage point.
The People assert that the defendant displayed evidence of guilty knowledge of Ms. Cooper’s injury by putting the car into reverse and driving backward down a one-way street in the wrong direction. This court finds that while this action may be used to support the accompanying charges of operating a motor vehicle in the opposite direction of traffic on a one-way roadway (Vehicle and Traffic Law § 1127 [a]); reckless driving (Vehicle and Traffic Law § 1212); and unsafe backing up (Vehicle and Traffic Law § 1211 [a]), there are no grounds for concluding that the defendant was motivated by the particular knowledge that a human being had been injured.
Here, the only thing one can gather from the facts in the complaint is that the defendant wanted to leave the area quickly and was willing to drive recklessly in order to do so. The fact that it happened immediately after he was observed having an accident does not allow the presumption of the defendant’s knowledge that the impact was with a human being or that such person necessarily suffered a physical injury as a result of the vehicular accident.
Accordingly, this court finds that the factual allegations in the information do not give the defendant sufficient notice to prepare a defense and prevent the defendant from being twice
*694 tried for the same crime of leaving the scene of an accident involving physical injury without reporting as charged based upon the events that occurred on August 21, 2011 (People v Casey, 95 NY2d 354, 360 [2000]). For the foregoing reasons, this court agrees with the defendant that the charge of leaving the scene of an accident involving physical injury without reporting has not yet been converted in the instant complaint.
CPL 30.30 Calculations
Defendant moves to dismiss the charge of leaving the scene of an accident involving physical injury without reporting (Vehicle and Traffic Law § 600 [2] [a]) pursuant to CPL 30.30 (1) (b) on the grounds that he has been denied his statutory right to a speedy trial on that count.
Under CPL 30.30 (1) (b) the People must be ready for trial within 90 days from the commencement of a criminal action when the defendant is charged with one or more offenses, at least one of which is an A misdemeanor or unclassified misdemeanor punishable by no more than one year in jail. Once the defendant has alleged a delay of more than this allowable time, the People have the burden of demonstrating sufficient excludable time in order to withstand a motion to dismiss. (People v Fields, 214 AD2d 332 [1995]; People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
The instant action commenced with the defendant’s arraignment on August 22, 2011. For purposes of the computation of the applicable speedy trial time, the day on which the accusatory instrument is filed is excluded. (People v Stiles, 70 NY2d 765 [1987].) Accordingly, August 23, 2011 constitutes day one of the 90-day period applicable to the instant charges.
The case was adjourned to August 26, 2011 for the People to file supporting depositions. Effective readiness requires that the People have a jurisdictionally sufficient accusatory instrument as discussed above. (People v Colon, 59 NY2d 921 [1983].) Three chargeable days elapsed during this adjournment.
On August 26, 2011 the People filed and served the supporting deposition of Mr. Etisyai Prince and answered ready for trial. As discussed above, the filing of the supporting deposition converted all of the counts of the complaint except the charge of leaving the scene of an accident, making those remaining charges jurisdictionally sufficient. This in conjunction with the People’s on-the-record statement of readiness tolled the speedy trial clock as to those charges. (People v Curtis, 196 Misc 2d
*695 1001 [Crim Ct, NY County 2003]; People v Stirrup, 91 NY2d 434 [1998]; People v Douglas, 264 AD2d 671 [1st Dept 1999].) But the time would continue to run pursuant to CPL 30.30 against the People as to the charge of leaving the scene of an accident.
The court adjourned the case to October 27, 2011 for discovery by stipulation (DBS) and trial. Because DBS is regarded as a courtesy provided to the defendant in lieu of motion practice and discovery practice in Kings County, the adjournment is excludable under CPL 30.30 (4) (a) “irrespective of the People’s readiness.” (People v Khachiyan, 194 Misc 2d 161, 166 [Crim Ct, Kings County 2002] [emphasis added]; see also People v Wilson, 27 Misc 3d 1049 [Crim Ct, Kings County 2010]; People v Dorilas, 19 Misc 3d 75 [2008]; People v Buong Sai, 223 AD2d 439 [1st Dept 1996]; People v Burton, 133 Misc 2d 701 [Crim Ct, NY County 1986].) Zero days included.
On October 27, 2011 the People had not yet provided the defendant with DBS and had no file in court. The court again adjourned the case for discovery by stipulation and trial. As per above, the adjournment is generally excludable under CPL 30.30 (4) (a) (People v Khachiyan). It is noted that the People did file DBS off-calendar on November 2, 2011.
The People are generally entitled to a reasonable adjournment for witness procurement and trial preparation. What constitutes “reasonable” should be determined on a case by case basis, depending on the complexity of the issues and the number of necessary witnesses. In general, an adjournment of two weeks has been held reasonable. (People v Stirrup; People v Kendzia, 64 NY2d 331 [1985].) Zero days charged.
On January 18, 2012, the People answered ready for trial. The case was adjourned to March 12, 2012 for trial. This entire period is excludable.
On March 12, 2012 the People announced ready for trial and filed additional discovery materials including medical records. The case was adjourned to April 9, 2012 for hearings and trial. Zero days included.
On April 9, 2012 the People were not ready for trial. The People requested a seven-day adjournment for trial. The court adjourned the case to May 23, 2012 for trial. Generally, the People are chargeable only with the number of days requested, provided an announcement of readiness was previously made. (See People v Smith, 82 NY2d 676 [1993]; People v Dushain, 247 *696 AD2d 234 [1st Dept 1998], Iv denied 91 NY2d 1007 [1998]; People v Rivera, 223 AD2d 476 [1st Dept 1996], Iv denied 88 NY2d 852 [1996]; People v Urraea, 214 AD2d 378 [1st Dept 1995]; People ex rel. Sykes v Mitchell, 184 AD2d 466 [1st Dept 1992].) Thus, the People are only charged with seven days. Seven days are included.
On May 23, 2012 the case was adjourned to June 28, 2012 for motion practice. This entire period is excludable. (People v Burton [court found period during which a case was adjourned for defense motions was excludable in computation of statutory speedy trial time]; People v Buong Sai, 223 AD2d 439 [1996] [court found that time requested by defense counsel to submit motions is excludable from speedy trial calculations]; CPL 30.30 [4] [a].) Zero days included.
Based on the foregoing, in total, the People are charged with 10 days of includable delay since the commencement of the action on August 22, 2011. Because less than 90 days of chargeable time have elapsed, the defendant’s motion to dismiss the charge of leaving the scene of an accident involving physical injury without reporting (Vehicle and Traffic Law § 600 [2] [a]), pursuant to CPL 30.30, is denied.