OPINION OF THE COURT
Milton L. Platt, J.
The defendant in a two-count superseding information is charged with violating New York City Charter § 1301 (2) (n) predicated upon 66 RCNY 2-04 (a) and (b) for its failure to maintain bulkheads in a safe condition, and for its failure to comply with an order of the Commissioner directing the defendant to make certain repairs.
The facts, as gathered from the superseding information and the papers submitted hereon, are as follows:
On March 22, 1993, one Robert Gleusner, an agent of the Department of Business Services of the City of New York, visited and inspected the premises at 2657 East 66th Street, in the Mill Basin section of Kings County which was being operated and used by the defendant as a yacht club. Upon such inspection, Mr. Gleusner observed what he described as an unsafe condition in that the defendant failed to maintain its bulkheads as required by 66 RCNY 2-04 (b) and issued a violation order directing the defendant to correct the unsafe condition by repairing "approximately 160’LF of deteriorated bulkhead. To include old boat launch ramp” within 60 days. Upon reinspection on June 29, 1993, Mr. Gleusner, finding that the aforesaid repairs were not made, issued a desk appearance ticket to the defendant, initiating the instant proceeding.
The defendant, by way of the instant motion, seeks: (1) a bill of particulars (CPL 200.95); (2) discovery (CPL art 240); (3) dismissal of the accusatory instrument pursuant to CPL 170.30 et al., on the grounds of (a) want of jurisdiction by the *941 City of New York over bulkheads located in the tidal waters of the State of New York, and (b) facial insufficiency; and (4) dismissal based upon selective prosecution or enforcement constituting a denial of equal protection.
BILL OF PARTICULARS
The branch of the defendant’s motion seeking a bill of particulars is granted to the extent that it shall be deemed a request for a bill of particulars pursuant to CPL 200.95. The People responded to this branch of the defendant’s motion on November 9, 1993.
DISCOVERY
The branch of the defendant’s motion seeking discovery is granted to the extent that it shall be deemed a demand for discovery pursuant to CPL 240.20. The People responded to this branch of the defendant’s motion on November 9, 1993.
The People are reminded of their continuing obligation pursuant to Brady v Maryland (373 US 83 [1963]) and People v Rosario (9 NY2d 286 [1961]).
JURISDICTION
The branch of the defendant’s motion seeking dismissal on the ground that the City of New York lacked jurisdiction is denied.
The defendant, citing section 2 of the Navigation Law and various cases, contends that the State of New York has the exclusive power to regulate waterfront property such as the defendant’s bulkhead, because the bulkhead abuts on navigable water of the State, which only the State can regulate.
The defendant’s contentions are not persuasive on this issue.
Municipal corporations, such as the cities of the State of New York, are: "political subdivision^] of the State and its lawmaking authority can be exercised only to the extent that it has been delegated by the State * * * The State Constitution and various enabling statutes grant municipalities the power to adopt local laws (1) relating to their 'property, affairs or government’ provided that the local legislation is not inconsistent with the Constitution or any general law * * * and (2) with reference to certain enumerated subjects, including '[t]he government, protection, order, conduct, safety, *942 health and well-being of persons or property therein’ except 'to the extent that the legislature shall restrict the adoption of such a local law’ ” (citations omitted). (Matter of Ames v Smoot, 98 AD2d 216, 217-218 [2d Dept 1983].)
Accordingly, the cities of the State of New York derive their power from the General City Law, which grants them the: "power to regulate, manage and control its property and local affairs and is granted all the rights, privileges and jurisdiction necessary and proper for carrying such power into execution. No enumeration of powers in this or any other law shall operate to restrict the meaning of this general grant of power.” (General City Law § 19.)
Among the specific powers granted are the powers to: "control and administer for any business, commercial, maritime or public purpose the waterfront and waterways of the city and to establish, maintain, operate and regulate for any such purpose docks, piers, wharves, warehouses and all adjuncts and facilities for the utilization of the waterfront and waterways and adjacent property” (emphasis added). (General City Law § 20 [8].)
Acting upon this grant of power, the City of New York, through its Charter, has conferred upon the Department of Business Services the: "exclusive power to regulate water front property and the following structures on any water front property: wharves, piers, docks, bulkheads, structures wholly or partly therein, and such other structures used in conjunction with and in furtherance of water front commerce and/or navigation” (emphasis added). (NY City Charter § 1301 [2] [d].)
The City has further given the Department of Business Services the authority to establish and enforce rules for the proper care of such property. (See, NY City Charter § 1301 [2] [n]; 66 RCNY 2-04 [b], which the defendant is alleged to have violated.)
Therefore, the City of New York, through the Department of Business Services, was not acting without jurisdiction when it issued the desk appearance ticket for the aforementioned violations. As such, the branch of the defendant’s motion seeking dismissal based upon the People’s lack of jurisdiction is hereby denied.
FACIAL INSUFFICIENCY
The branch of the defendant’s motion seeking dismissal of *943 the accusatory instrument for facial insufficiency, pursuant to CPL 170.30 et al., is denied.
A legally sufficient information must contain, inter alia, nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]). An information which fails to satisfy these requirements is jurisdictionally defective (see, CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133; People v Dumas, 68 NY2d 729). Although defendant asserts that the accusatory instrument does not meet the above requirements, its moving papers are devoid of any legal or factual submissions supporting dismissal on this basis. Nevertheless, the court has examined the superseding information and finds that it conforms to the statutory requirements for facial sufficiency pursuant to CPL 100.15 and 100.40.
SELECTIVE ENFORCEMENT
In order for a court to even consider whether a defendant has been selectively prosecuted, the defendant must overcome the presumption that the decision to prosecute was made in good faith and without discrimination (see, United States v Saade, 652 F2d 1126 [1981]; Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686 [1979]). This presumption is overcome, and an evidentiary hearing is warranted when prima facie evidence is submitted by the defendant which displays a strong likelihood of success on the merits and strong showing of intentional discriminatory enforcement. (Matter of 303 W. 42nd St. Corp. v Klein, supra, at 695; Matter of Di Maggio v Brown, 19 NY2d 283 [1967].) Furthermore, the defendant must show that the law was not applied evenhandedly to others similarly situated and that the selective enforcement of the law was invidious and intentionally predicated on impermissible and unacceptable standards. (Matter of 303 W. 42nd St. Corp. v Klein, supra, at 693.) A mere showing of selective enforcement or nonenforcement against others similarly situated will not suffice. (Matter of Di Maggio v Brown, supra, at 291.) "There must be a showing by extrinsic evidence of 'clear and intentional discrimination’ ” (emphasis added). (Matter of Feigman v Klepak, 62 AD2d 816, 819 [1st Dept 1978].)
The defendant, Bergen Beach Yacht Club, must provide this court with threshold evidence of selective enforcement by the City of New York. The defendant’s submission that there has been no other similar prosecutions for over 15 years, *944 alone, does not meet this threshold. However, a fair reading of, and the inferences which may be drawn from the affidavits and exhibits annexed thereto, would indicate that there might be a hidden agenda behind the enforcement proceeding brought by the Department of Business Services.
It appears from the exhibits annexed to the moving papers that prior to March 22, 1993, the date of the initial inspection, there had been extensive litigation between the owner of the property and the defendant, including a landlord and tenant proceeding and a Supreme Court proceeding, which by an order dated October 2, 1992, consolidated the landlord and tenant proceeding into the Supreme Court action. That order indicated that the owner had a new tenant in the wings. In addition, while the issuing agent denies the truthfulness of the defendant’s allegations, the defendant asserts that the issuing agent advised them and their counsel that "he didn’t want to get in the middle”; that he did not want to issue the summons and violation, but that he was ordered by his superiors to issue the violation; that this sort of thing never happens; and that this summons and violation was not issued in the ordinary course of business. It is also noted that the summons and violation were issued to the tenant and not the owner. Whether or not these allegations are true cannot be determined on these affidavits, but requires an evidentiary hearing not only to establish their truth or falsity, but to determine whether there has been selective enforcement by the Department of Business Services.
Accordingly, that branch of the defendant’s motion seeking dismissal based upon selective enforcement by the City of New York is held in abeyance pending an evidentiary hearing pursuant to CPL 210.45 (6) to be scheduled by the court.