The People of the State of New York, Appellant,
against
Justin J. Pitti, Respondent.




Office of the Brookhaven Town Attorney (Deirdre Cicciaro of counsel), for appellant.
Scott Lockwood, for respondent.

Appeal from an order of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), dated May 29, 2018. The order, insofar as appealed from, granted the branches of defendant's motion seeking to dismiss the accusatory instruments charging him with violating Brookhaven Town Code §§ 16-4 (A) and 30-32 (A), respectively.




ORDERED that the order, insofar as appealed from, is modified, on the law, by providing that the branch of defendant's motion seeking to dismiss the accusatory instrument charging him with violating Brookhaven Town Code § 16-4 (A) is denied, that accusatory instrument is reinstated, and the matter is remitted to the District Court for all further proceedings thereon; as so modified, the order, insofar as appealed from, is affirmed.
Insofar as is relevant to this appeal, separate misdemeanor informations were filed charging defendant with failing to have a certificate of occupancy in violation of Brookhaven Town Code § 16-4 (A) and failing to have a smoke detector in violation of Brookhaven Town Code § 30-32 (A), respectively. Defendant subsequently moved to, among other things, dismiss those informations on the ground of facial insufficiency, which motion the People opposed. By order dated May 29, 2018, insofar as appealed from by the People, the District Court granted the branch of defendant's motion seeking to dismiss the information charging him with violating Brookhaven Town Code § 16-4 (A), finding that the "factual allegations fail . . . to set forth that [*2]the premises was either 'occupied', 'used' or 'changed in its use' by the named defendant," and granted the branch of defendant's motion seeking to dismiss the information charging him with violating Brookhaven Town Code § 30-32 (A), finding that the "there exists no allegation that the premises was 'occupied' or 'used' by anyone on the date in question." 
As the record does not reveal that defendant waived prosecution by information, the facial sufficiency of the accusatory instrument must be reviewed by the standards applicable to informations (see People v Dumay, 23 NY3d 518, 522 [2014]). In order for an information to be facially sufficient, it (and/or any supporting depositions accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Casey, 95 NY2d 354 [2000]; People v Dumas, 68 NY2d 729, 731 [1986]). The foregoing requirements are jurisdictional (see People v Casey, 95 NY2d 354; People v Alejandro, 70 NY2d 133 [1987]). Although defendant moved for dismissal in the District Court, the motion contained no hearsay arguments with respect to these charges and, therefore, any such arguments have been waived (see People v Casey, 95 NY2d 354).
The information charging defendant with violating Brookhaven Town Code § 16-4 (A) states, in pertinent part, as follows:
"§ 16-4. Certificates of occupancy . . .
A. No land shall be occupied or used and no building, structure or portion thereof shall be occupied, used or changed in its use until a certificate of occupancy has been issued by the Town of Brookhaven Department of Building and Fire Prevention stating that the building, structure or proposed use complies with the provisions of this code and any other applicable codes and regulations. . . .
To Wit: On or about January 23, 2017, at approximately 7:05 P.M., the above named defendant, Justin J. Pitti, did own the subject premises . . . as determined by a search of the records maintained by the Suffolk County Clerk's Office. On January 23, 2017, your deponent observed plumbing fixtures in the kitchen and bathroom areas in the basement at the subject premises, which is maintained by the defendant, Justin J. Pitti. Your deponent searched the records maintained by the Town of Brookhaven Building Department and found no Certificate of Occupancy on file for the change in use of the basement to include plumbing fixtures at the subject premises. Said violation does not fall within any exception to the Brookhaven Town Code or the New York State Uniform Fire Prevention and Building Code."
In People v Miao (61 Misc 3d 148[A], 2018 NY Slip Op 51742[U] [App Term, 2d Dept, 9th & 10th Jud Dist 2018]), this court held that an offense based on a violation of Brookhaven Town Code § 16-4 (A) imposes liability on owners at the time the violations are detected (id. at *2) and, therefore, contrary to defendant's contention, the accusatory instrument need not allege that defendant made the changes. In view of the foregoing, since the information charging defendant with violating Brookhaven Town Code § 16-4 (A) establishes, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Casey, 95 NY2d 354; People v Dumas, 68 NY2d at 731), it is facially sufficient and should not have been dismissed.
The information charging defendant with violating Brookhaven Town Code § 30-32 (A) states, in pertinent part, as follows:
"§ 30-32. Smoke detectors . . . Buildings or structures or any portion thereof occupied or used by persons for whom sleeping accommodations are provided therein shall be protected by an approved automatic smoke detection and alarm device located in and adjacent to all sleeping quarters or where otherwise specified by the Chief Fire Marshal.
To Wit: On or about January 23, 2017, at approximately 7:05 P.M., the above named defendant, Justin J. Pitti, did own the subject premises . . . as determined by a search of the records maintained by the Suffolk County Clerk's Office. On January 23, 2017, your deponent observed a residential dwelling at the subject premises which contained sleeping accommodations and failed to have a required operational smoke detection and alarm devices installed within or adjacent to the bedroom located in the basement. Said violation does not fall within any exception to the Brookhaven Town Code or the New York State Uniform Fire Prevention and Building Code."
We find that the District Court properly determined that this accusatory instrument does not establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Casey, 95 NY2d 354; People v Dumas, 68 NY2d at 731), since it contains no factual allegations that any "sleeping accommodation" was being "occupied or used by persons." Consequently, this information is jurisdictionally defective (see People v Sumter, 151 AD3d 556, 557 [2017]) and was properly dismissed.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking to dismiss the accusatory instrument charging him with violating Brookhaven Town Code § 16-4 (A) is denied, that accusatory instrument is reinstated, and the matter is remitted to the District Court for all further proceedings thereon.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019