The People of the State of New York, Respondent,
against
David Crawford, Appellant. 




New York City Legal Aid Society (Jose David Rodriguez Gonzalez of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Joy F. Campanelli, J.), rendered March 29, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
After waiving prosecution by information, defendant pleaded guilty to one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) in satisfaction of a multi-count accusatory instrument. The accusatory instrument, executed and sworn to by a police detective, alleged the following in relevant part:
"The deponent states that, [at a specified date, time, and location,] the deponent observe[d] defendant inside of bedroom number three inside of the above listed location.
. . .
Deponent further states that the deponent did recover crack/cocaine residue . . . from the top of [the] dresser inside the above mentioned bedroom.
Deponent further states that the deponent has had professional training as a police officer in the identification of crack/cocaine, has previously made arrests for the criminal possession of crack/cocaine, has previously seized crack/cocaine, which was determined to be such by a chemical analysis by the police department laboratory, and the substance in this case possesses the same physical characteristics as such previously chemically identified substance and by professional training and experience as a police officer is [*2]familiar with the common methods of packaging crack/cocaine and the straws, razor blade, glass vial, and tweezer used to package the substance in this case is a commonly used method of packaging such substance. Based on the foregoing, in deponent's opinion, the substance in this case is crack/cocaine.
. . .
Deponent further states that the deponent did recover a quantity of crack/cocaine residue . . . from an entertainment center and the floor of the living room inside of the above listed location.
[After repeating the above assertions of his training and experience in accurately identifying crack-cocaine, d]eponent further states that the deponent . . . is familiar with the common methods of packaging . . . crack/cocaine and the plastic twist, plastic zip, glass pipes, razor blades, scale, straw and grinder used to package the substances in this case are a commonly used method of packaging such substances. Based on the foregoing, in deponent's opinion, the substance in this case is . . . crack/cocaine.
. . .
Deponent further states that the deponent did recover mail, addressed to the defendant, at the above listed address, inside of the above mentioned bedroom.
Deponent is further informed by defendant's own statements . . . that defendant lives at the above listed location."
On appeal, defendant challenges the facial sufficiency of the count to which he pleaded guilty, contending that the accusatory instrument contained a conclusory assertion that the controlled substance he allegedly possessed was crack-cocaine residue and that it improperly inferred that he knew about its presence.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). Moreover, where, as here, a defendant pleads guilty to one of the counts actually charged in a multi-count accusatory instrument, and, on [*3]appeal, raises a jurisdictional challenge, he need not challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the time he entered the guilty plea; rather, he need only challenge the facial sufficiency of the actual count to which he pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also Dumay, 23 NY3d 518).
Pursuant to Penal Law § 220.03, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance." Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement (see Dumas, 68 NY2d at 731). Rather, the factual allegations must establish the basis of the police officer's belief that the substance seized was a particular type of controlled substance (see People v Kalin, 12 NY3d 225, 229 [2009]; Dumas, 68 NY2d at 731). Here, we find that the factual allegations contained in the accusatory instrument were clearly sufficient to establish the basis for the detective's conclusion that the substance recovered was crack-cocaine in that the detective explained, with reference to his training and experience, how he had formed that belief, which included his training and experience in identifying crack-cocaine, which prior identifications had been confirmed by laboratory analyses, as well as listing the numerous drug paraphernalia and packaging he had observed in defendant's apartment (see Kalin, 12 NY3d at 231-232; People v Lakins, 63 Misc 3d 51, 54 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Contrary to defendant's contention, the accusatory instrument alleged sufficient facts showing that his possession of the controlled substance was knowing (see People v Birmingham, 41 Misc 3d 129[A], 2013 NY Slip Op 51726[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). It is well settled that, generally, possession suffices to permit the inference that the possessor knows what he or she possesses (see People v Kirkpatrick, 32 NY2d 17, 23 [1973]; People v Reisman, 29 NY2d 278, 285 [1971]). Here, the allegations as to the presence of crack-cocaine residue, drug paraphernalia and packaging in both defendant's bedroom and living room permit the inference, for pleading purposes, that defendant knew what he possessed (see People v Mizell, 72 NY2d 651, 655-656 [1988] [finding that, even when a defendant possesses residue, the inference of knowledge still applies since "an unusable residue of cocaine is [still] a controlled substance within the purview of Penal Law § 220.03"]; Dumas, 68 NY2d 729).
Thus, since the accusatory instrument alleged facts of an evidentiary character supporting or tending to support the charge (CPL 100.15 [3]), "set forth facts that establish[ed] reasonable cause to believe that [] defendant committed the charged offense" (Dumay, 23 NY3d at 522; see CPL 100.40 [4]), and provided defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Dumay, 23 NY3d at 524), it was facially sufficient (see People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., and ELLIOT, J., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction and dismiss the misdemeanor complaint in the following memorandum:
At issue on this appeal is whether the officer's reference to crack-cocaine "residue," [*4]without any description of the residue or its placement in drug paraphernalia, is sufficient to establish the inference that the substance seized was crack-cocaine. In my opinion, it is not. Thus, affording the factual allegations the "fair and not overly restrictive or technical reading" to which they are entitled (People v Casey, 95 NY2d 354, 360 [2000]), I vote to reverse the judgment of conviction and dismiss the misdemeanor complaint.
To support a charge of criminal possession of a controlled substance in the seventh degree set forth in a complaint, the People must allege facts establishing "reasonable cause to believe" (CPL 100.40 [4] [b]) that defendant "knowingly and unlawfully possesse[d] a controlled substance" (Penal Law § 220.03). "[W]hen an allegation involves a conclusion drawn by a police officer that involves the exercise of professional skill or experience, some explanation concerning the basis for that conclusion must be evident from the accusatory instrument" (People v Sans, 26 NY3d 13, 17 [2015] [internal quotations marks omitted]). While the absence of a laboratory report or a physical description of the substance is not fatal to a complaint alleging criminal possession of a controlled substance, courts have often looked to other objective indicia of criminality—such as the packaging of the substance—to support such a charge (see e.g. People v Smalls, 26 NY3d 1064, 1067 [2015]; People v Kalin, 12 NY3d 225, 230-231 [2009]; People v Saveljevs, 56 Misc 3d 130[A], 2017 NY Slip Op 50857[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Here, the officer's reference to "residue"—without any description of the residue or the context in which it was recovered—is too vague to establish an inference that the substance seized was crack-cocaine. Although the officer alleged that he believed the residue to be crack-cocaine based on his experience and training, such allegation, standing alone, is insufficient to meet the reasonable cause requirement. Courts have repeatedly determined that in cases involving possession of controlled substances, there must be some other factual assertions—such as the packaging of the substance or its presence inside a container commonly associated with controlled substances—that would support an officer's conclusion that the substance recovered was an illegal drug (see People v Smalls, 26 NY3d at 1067; People v Kalin, 12 NY3d at 230-232; People v Lakins, 63 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Thiam, 59 Misc 3d 126[A], 2018 NY Slip Op 50339[U] [App Term, 1st Dept 2018], affd — NY3d &mdash, 2019 NY Slip Op 07712 [2019]; People v Saveljevs, 56 Misc 3d 130[A], 2017 NY Slip Op 50857[U]). In this case, nothing in the complaint indicates the officer's experience in specifically identifying crack-cocaine "residue," what crack-cocaine "residue" looks like, or where the residue was recovered in relation to the paraphernalia present at the scene (cf. People v Smalls, 26 NY3d at 1067 [reasonable cause existed for officer's belief that "burnt residue" inside a glass pipe was a controlled substance, where officer referred to his training in identifying such substances and was familiar with the placement of such substances in glass pipes, "a favored apparatus of drug users"]; People v Kalin, 12 NY3d at 230-232 [misdemeanor information was facially sufficient where the arresting officer alleged that his experience and training in the identification and packaging of controlled substances provided a foundation for his conclusion that the substance found in nine separate plastic bags was heroin]; People v Lakins, 63 Misc 3d at 55 [misdemeanor information charging criminal possession of a controlled substance in the seventh degree was facially sufficient, where the information stated the officer's experience and training in the identification and packaging of cocaine, and "by setting forth the type of [*5]packaging in which it was contained, provided some information as to why the officer concluded that the substance was . . . cocaine"]; People v Saveljevs, 56 Misc 3d 130[A], 2017 NY Slip Op 50857[U] [reasonable cause existed for officer's belief that hypodermic needle contained heroin where officer alleged, among other things, that he was familiar with the packaging of heroin and that hypodermic needles are a commonly used method of packaging heroin]). Had the officer alleged, in addition to his experience and training, that the "residue" was recovered from packaging or a container commonly associated with crack-cocaine, the complaint would have withstood a facial sufficiency challenge. Without such additional facts, and in the absence of any other indicia that the residue recovered was crack-cocaine, I cannot agree with the majority that the complaint was facially sufficient.
Accordingly, I vote to reverse defendant's conviction and dismiss the accusatory instrument.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2019